## In re FEARING'S ESTATE.

(Supreme Court, Appellate Division, First Department. June 3, 1910.)

1. TAXATION (§ 878*)—TRANSFER TAXES—SUBJECTS.
 Tax Law (Laws 1896, c. 908) § 220, subd. 5, as amended by Laws 1897, c. 284, § 2, making an appointment exercised under a power to dispose of property a taxable transfer, the same as if the property belonged to the donee of the power and had been willed by him, changed the former rule that no tax could be imposed on a transfer of a trust fund under power

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

of appointment conferred by a testator who died before the transfer tax law was enacted, and for taxation purposes makes an appointment by the donee of a power equivalent to a devise or bequest by him.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1700, 1701; Dec. Dig. § 878.*]

2. TAXATION (§ 868*)—TRANSFER TAXES—SUBJECTS—NONRESIDENT PROPERTY.

Tax Law (Laws 1896, c. 908) § 220, subd. 5, as amended by Laws 1897, c. 284, § 2, making an appointment exercised under a power to dispose of property a taxable transfer, the same as if the property belonged to the donee of the power and had been willed by him, a transfer by a nonresident by will under a power of appointment of bonds and mortgages situated outside the state is not subject to a transfer tax, though the debts constituting the bulk of the trust estate be secured by mortgages upon land within the state.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1685–1687; Dec. Dig. § 868.*]

3. BILLS AND NOTES (§ 151*)—CERTIFICATES OF DEPOSIT—NEGOTIABILITY.

A certificate of deposit, being transferable only by assignment, was not a negotiable instrument.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 380–387; Dec. Dig. § 151.*]

4. TAXATION (§ 868*)—TRANSFER TAXES—SUBJECTS—DEPOSITS.

A deposit within the state of a trust fund, subject to the power of appointment by a nonresident, in the individual name of one of the trustees who does not claim it against the estate, is taxable under the transfer tax law; the appointment acting directly upon the fund in deposit and not transferring a mere right of action against the trustee.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 868.*]

Appeal from Surrogate's Court, New York County.

In the matter of the transfer tax upon the estate of Daniel B. Fearing, deceased. From an order of the Surrogate vacating an order and remitting a report of the appraiser, the State Comptroller and others appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

J. L. Cadwalader, for appellant and respondent Fearing.

Thomas B. Casey, for Comptroller.

SCOTT, J. These are cross-appeals from an order of the surrogate fixing the amount of transfer tax to be paid in this proceeding. The important question, which is presented by the appeal of the State Comptroller, is as to the taxability of certain property consisting of debts secured by mortgages. Daniel B. Fearing, a resident of New York, died in 1870, leaving a will by which he created a trust for the benefit of his daughter, Amy R. Sheldon, during her life, with a power of appointment to her as to the principal of the trust estate to be exercised by her last will and testament. She died on January 29, 1908, being then a resident of the state of Rhode Island, leaving a will, in which she exercised the power of appointment conferred upon her by her father's will. Her will was admitted to probate in Rhode Island. At the time of her death, but one of the trustees survived, and he was a resident of Rhode Island. The property, upon the transfer of which, as the Comptroller contends, a tax should be imposed, consists of bonds and mortgages, at the time of Mrs. Sheldon's death, physically situated

in the state of New Jersey, although the real property upon which the mortgages are liens is situated in the state of New York.

But for the amendment to the tax law adopted in 1897, and to be referred to hereafter, it is clear that no tax could be imposed upon the transfer of the trust fund to Mrs. Sheldon's appointees, for they would take by the virtue of the will of Daniel B. Fearing, who died before any succession or transfer tax law had been enacted. Matter of Harbeck, 161 N. Y. 211, 55 N. E. 850. The act which now applies to such cases is a subdivision added to section 220 of the tax law in 1897, and which reads as follows:

"(5) Whenever any person or corporation shall exercise a power of appointment derived from any disposition of property made either before or after the passage of this act, such appointment when made shall be deemed a transfer taxable under the provisions of this act in the same manner as though the property to which such appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by such donee by will; and whenever any person or corporation possessing such a power of appointment so derived shall omit or fail to exercise the same within the time provided therefor, in whole or in part, a transfer taxable under the provisions of this act shall be deemed to take place to the extent of such omissions or failure, in the same manner as though the persons or corporations thereby becoming entitled to the possession or enjoyment of the property to which such power related had succeeded thereto by a will of the donee of the power failing to exercise such power, taking effect at the time of such omission or failure." Chapter 284, Laws 1897.

This act is not at all ambiguous in its language, nor do we consider that there can be any doubt as to its extent, so far at least as it applies to cases like the present, wherein the power of appointment has been exercised. Its evident object was to change, for the purpose of taxation, the established rule of law as to the devolution of title of property acquired under a power of appointment, as declared in the Harbeck and many other cases, and to treat, for such purposes, an appointment by the donee of a power as the equivalent to a devise or bequest by such donee. The taxability of the trust estate created for the benefit of Mrs. Sheldon, and over which she was given and has exercised the power of appointment, must be treated for all purposes of taxation as if it had been bequeathed by her to her several appointees, and their source of title was her will, and not that of her father. So considered, the transfers were not taxable, unless the fact that the debts which constituted the bulk of the trust estate were secured by mortgages upon real property within this state imparts to the transfers the quality of taxability. That it does not, under circumstances similar to those disclosed in the present case, seems to be well settled. Matter of Bronson, 150 N. Y. 1, 44 N. E. 707, 34 L. R. A. 238, 55 Am. St. Rep. 632; Matter of Preston, 75 App. Div. 250, 78 N. Y. Supp. 91. The order, therefore, in so far as called in question by the appeal of the Comptroller, is right, and must be affirmed.

The other question, raised by the appeal of the trustees, is as to the imposition of a tax upon the transfer of a sum of money on deposit with the Union Trust Company in the city of New York at the date of Mrs. Sheldon's death. It is conceded that this money was a part of the trust estate and subject to the exercise of the power of appointment by Mrs. Sheldon. It was represented by a certificate of deposit in the

individual name of Frederick Sheldon, who was one of the trustees of the trust estate, and who had died a few months prior to the death of Mrs. Sheldon. The certificate of deposit was not, strictly speaking, a negotiable instrument, being transferable only by assignment. The amount due upon it was collected by the executor of Frederick Sheldon, after the death of Mrs. Sheldon. The money, as has been said, was a part of the trust fund, and it was held by one of the trustees, and by him deposited in this state. There is nothing to indicate that he so held and deposited it otherwise than as trustee. That he took a certificate of deposit in his own name was probably merely for purposes of convenience, and does not indicate that he had committed a devastavit or claimed to hold the fund in hostility to the estate, and nothing of the sort is suggested. Mrs. Sheldon's appointment, therefore, acted directly upon the fund in deposit, and did not transfer to her appointees a mere right of action against Frederick Sheldon's estate. The case is thus brought within Blackstone v. Miller, 188 U. S. 189, 23 Sup. Ct. 277, 47 L. Ed. 439, wherein it was held that a tax might be levied upon such a deposit here, although the testator and depositor was, both at the time of making the deposit and at the time of his death, a resident of another state. The reasoning of the Supreme Court in that case applies with exactitude to the case at bar, and upon its authority the order of the surrogate must be affirmed in so far as it is appealed against by the trustees.

Order affirmed, without costs to either party. All concur.