## GARRISON v. SUN PRINTING & PUBLISHING ASS'N.

(Supreme Court, Appellate Division, First Department.   May 12, 1911.)

1. ACTION (§ 50*)—PARTIES—LIBEL.
    A single action for a joint libel of a husband and wife does not lie.
    [Ed. Note.—For other cases, see Action, Dec. Dig. § 50.*]

2. ACTION (§ 50*)—COMPLAINT—CAUSES OF ACTION—LIBEL.
    The complaint in an action for libel, based on a newspaper publication charging plaintiff's wife with adultery, which alleges that the publication caused plaintiff's associates and acquaintances to believe that he was the husband of a woman guilty of adultery, and that he and his wife were avoided by associates and acquaintances, whereby plaintiff's wife was distressed and became ill and unable to perform her duties as plaintiff's housekeeper and wife, and that, by reason of the libel of plain-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tiff and his wife, he has been damaged in a specified sum, charges a libel of plaintiff and his wife, and is bad as charging two actions for damages, one by the husband and one by the wife, based on the same publication.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 50.*]

Appeal from Special Term, New York County.

Action by George E. Garrison against the Sun Printing & Publishing Association. From an order denying a motion to require plaintiff to separately state and number causes of action, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Roderic Wellman, for appellant.

Herbert H. Gibbs, for respondent.

DOWLING, J.   This action is brought to recover damages for the publication of a libel.   Defendant has moved for an order requiring plaintiff to separately state and number each of two causes of action claimed to be set forth in the amended complaint, that it may comply with the provision of section 483, Code of Civil Procedure.   From a denial of that motion the appeal is taken.

It seems to us that the pleading does set forth two causes of action, though stated as one.   After setting forth his marriage, it alleges (paragraph 4) that the article complained of was published "of and concerning plaintiff and his said wife and plaintiff's marital relations"; that the "said article concerning plaintiff and his said wife and plaintiff's marital relations was false, scandalous, malicious, and defamatory of plaintiff" (paragraph 6); that by reason of the publication "the neighbors, friends, associates, and acquaintances of plaintiff and of his said wife" had, among other things, been caused to believe that he was the husband of a woman who had been guilty of adultery, and "to suspect and believe, and to still suspect and believe, that plaintiff's said wife was subject to the pains and penalties of the laws of the state of New Jersey and of other states against persons guilty of such offenses; and plaintiff and his said wife have been and still are shunned and avoided by their neighbors, friends, associates, and acquaintances, and by good and worthy persons and citizens, who have refused and do still refuse to have any friendship, transactions, or business dealing with plaintiff, as they were before used and accustomed to have, and otherwise would have had, whereby plaintiff has been and still is greatly injured in his good name, fame, and credit, and plaintiff's said wife was shocked and distressed, and became and is now ill and sick, and is now physically and mentally disordered and distressed, and for a long time was wholly unable to perform her duties as plaintiff's housekeeper and as plaintiff's wife, and is not now; and as plaintiff alleges, upon information and belief, will not for a long time to come be, as well, strong, and able to perform her said duties as before the printing, publication, and circulation of said false, scandalous, malicious, and defamatory article, and the plaintiff has been deprived of the services of his said wife" (paragraph 7); and that by reason of the libel

"of and concerning plaintiff and his said wife and plaintiff's marital relation" he has been damaged in the sum of $15,000.

[1, 2] The plaintiff has not limited himself to a mere statement by innuendo that the Mrs. Garrison referred to in the alleged libelous article was his wife, so as to connect himself with the subject-matter complained of, but has charged the libel to be both of his wife and of himself, and throughout his complaint has treated the article as libelous of both. There can, of course, be no single action for a joint libeling of husband and wife. In its present form the complaint is objectionable as combining allegations appropriate to two actions for damages, one by the husband and one by the wife, both based on the same publication.

The order appealed from must therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.