GARRISON v. STAR CO.

(Supreme Court, Appellate Division, First Department. December 13, 1912.)

LIBEL AND SLANDER (§ 97*)—GROUNDS FOR DEMURRER—SURPLUSAGE.

Where a complaint alleging a cause of action for loss of plaintiff's wife's services, due to the publication of a libel on her, also contained in the same count allegations as to a libel on the husband, which were insufficient to show a cause of action, the last-mentioned allegations, being surplusage, might be stricken on motion, but did not render the complaint demurrable.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 234–236; Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Action by George E. Garrison against the Star Company. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Clarence J. Shearn, of New York City, for appellant.
Herbert H. Gibbs, of New York City, for respondent.

DOWLING, J. The action is for a libel. A complaint similar to the one in question was before this court for consideration in Garrison v. Sun Printing & Publishing Association, 144 App. Div. 428, 129 N. Y. Supp. 448, and it was there held objectionable as combining allegations appropriate to two actions for damages, one by the husband and one by the wife, both based on the same publication. Wherefore a notice to compel the plaintiff to separately state and number his causes of action was granted. This having been done, a demurrer was interposed to both causes of action set forth in the amended complaint. As to the first cause of action, that for libel upon the plaintiff himself, the demurrer was sustained, upon the ground that the publication complained of was not libelous per se. 74 Misc. Rep. 622, 134 N. Y. Supp. 670. As to the second cause of action, the demurrer was overruled, on the ground that it stated a good cause of action for the

damages sustained by plaintiff by reason of the loss of his wife's services, due to the libel published upon her. Id. Upon appeal from so much of the judgment as overruled the demurrer to the second cause of action, it was affirmed, this court holding that a husband might maintain such an action. 150 App. Div. 689, 135 N. Y. Supp. 721.

As to a precisely similar complaint, therefore, this court has held that, when resolved into its proper elements, it sets up two alleged causes of action, one of which, for the libel on the husband, is not valid; the other, for the loss of the wife's services, due to the publication of the libel upon her, is valid. Hence this complaint, as yet unseparated, does not set up two causes of action, but only one cause of action; viz., for the loss of the wife's services, with which are mingled allegations as to a libel upon the husband, which are surplusage, and may be ordered stricken out on motion, but furnish no ground for a demurrer.

The judgment appealed from will therefore be affirmed, with costs to respondent, with leave to the defendant to withdraw the demurrer and to answer, on payment of costs in this court and in the court below. All concur.