Fleitmann & Co., Inc., and Others, Respondents, *v.* Colonial Finance Corporation, Appellant.

First Department, December 15, 1922.

**Pleadings — action by three plaintiffs for conversion of gloves — two plaintiffs separately claimed title to part and third plaintiff claimed factor's lien on remainder — complaint alleged that defendant received gloves as security with knowledge of plaintiffs' rights — actions could be joined but should be separately stated and numbered.**

Actions by three plaintiffs to recover the value of fifty cases of gloves alleged to have been converted by the defendant in which it was alleged that two of the plaintiffs had title to seven cases each and the third plaintiff had a factor's lien on the remainder and that the defendant received the goods as security for a loan made to the person in whose possession the goods were, with knowledge of the rights of the several plaintiffs, were properly joined in one action under the authority of section 209 of the Civil Practice Act, but said actions should be separately stated and numbered, under rule 90 of the Rules of Civil Practice, on an application by the defendant.

Appeal by the defendant, Colonial Finance Corporation, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of September, 1922, denying defendant's motion for an order compelling the plaintiffs to separately state and number their causes of action.

*Milton P. Kupfer* of counsel [*Leo Oppenheimer,* attorney], for the appellant.

*Robert Louis Hoguet* of counsel [*Allen S. Hubbard* with him on the brief; *Rounds, Schurman & Dwight,* for Fleitmann & Co., Inc.; *Ivins, Wolff & Hoguet,* for Charles Perrin & Co. and the Prevot Company], for the respondents.

Smith, J.:

A man by the name of Tolson was doing business under the firm name and style of A. M. Tolson & Co., and was engaged in the sale of gloves manufactured by various concerns including the plaintiffs, Perrin & Co. and the Prevot Company. Fleitmann & Co., one of the plaintiffs, was a factor for the sale, and it had a lien upon all the goods of Tolson & Co. It also claims by assignment from Tolson & Co., executed before the commencement of this action. There were fifty boxes of gloves. It is alleged, and not disputed, that seven of these boxes were the property of Perrin & Co., and seven of them were the property of the Prevot Company. The plaintiff Fleitmann claimed to have a factor's lien upon the other

thirty-six.   These fifty boxes of goods were transferred to the defendant as security for a loan made by the defendant to Tolson.   It is claimed that this loan was made with full knowledge of the rights of Perrin & Co. and of the Prevot Company, and the allegation of the complaint is that the defendant knew, or, in the exercise of good faith should have known, of the rights of Fleitmann & Co. when it took these goods.   The three claims against these goods were included in one action, plaintiffs claiming that the goods were converted by the defendant by its refusal to deliver them to the plaintiffs and by its sale thereafter at public sale.   Prior to such sale the plaintiffs tendered to the defendant the amount of the indebtedness of Tolson with a letter of protest that the defendant had no right whatever in the goods because they were taken with full knowledge of the rights of the plaintiffs and demanded possession of the gloves, which tender was refused.   The goods were afterwards sold at public auction by the defendant as before stated, and plaintiffs were compelled to pay $55,000 for the said goods upon the public sale.   The claims are united in one action under the authority of section 209 of the Civil Practice Act.   Perrin & Co. might have sued separately.   The Prevot Company might have sued separately, and Fleitmann & Co. might have sued separately.   Each one had a cause of action.   Each cause of action rests upon a different ground. What might be a defense to plaintiff Fleitmann & Co. would not be a defense to Perrin & Co. or to the claim of the Prevot Company. Rule 90 of the Rules of Civil Practice requires causes of action to be separately stated and numbered.   These causes of action may under the section of the Civil Practice Act stated be joined.   It seems clear to me that these three causes of action should be separately stated and numbered, to the end that the defendant may make any motion in reference to one or more of them. And section 209 of the Civil Practice Act has made no exception to the rule.   If they are not separated, any motion of the defendant in respect to the claim of any of these plaintiffs would create confusion which would interfere with the orderly trial of the case.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., PAGE, GREENBAUM and FINCH, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.