HYMAN SCHECHTMAN, Respondent, *v.* SAMUEL SALAWAY and Another, Appellants.

Second Department, March 2, 1923.

Pleadings — action to recover commissions on sale of real estate — motion made after issue joined to bring in corporation as party defendant properly granted under Civil Practice Act, § 213 — said section was derived from rule 7 of order 16 of the English Rules of Supreme Court, 1883, and may be construed and applied as in English cases.

In an action against individuals to recover commissions for the sale of real estate a motion by the plaintiff to bring in and make a party defendant a corporation which the plaintiff discovered, after the joinder of issue, was the owner in fee of the real estate, was properly granted under section 213 of the Civil Practice Act, and it was proper to provide in the order for service of an appropriate amended summons and complaint giving the present defendants and the newly-added defendant the usual time within which to answer.

Said section of the Civil Practice Act was derived from rule 7 of order 16 of the English Rules of the Supreme Court, 1883, and may properly be construed and applied as in the English cases.

Appeal by the defendants, Samuel Salaway and another, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 27th day of December, 1922, granting plaintiff's motion to bring in an additional party defendant.

*Milton Hertz,* for the appellants.

*Gerson C. Young,* for the respondent.

Kapper, J.:

Plaintiff sues for commissions in procuring a purchaser of real estate. He alleges that the defendants employed him and represented that they were the owners of the property. The answer is a general denial. Plaintiff now claims that since joinder of issue he has discovered that a corporation, the " A. & S. Construction Co., Inc.," is and was during all of the times of his employment and rendition of services, the owner in fee of said property. He moved at Special Term to bring in said corporation as a defendant and the motion was granted inclusive of the right to serve an appropriate amended summons and complaint, giving the present defendants and the newly added defendant the usual time within which to answer thereto.

I think the order should be upheld under section 213 of the Civil Practice Act which is as follows:

" § 213. Where doubt exists as to who is liable. Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

The section is new. Its source is rule 7 of order 16 of the English Rules of Supreme Court, 1883, which was taken from rule 6 of order 16 of the Rules of Court as contained in the English Supreme Court of Judicature Act, 1875 (38 & 39 Vict. chap. 77, § 16 *et seq.*, and First Schedule, order XVI, rule 6), known as the English Practice Act, the language of which is: " 7. Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may, in such manner as hereinafter mentioned, or as may be prescribed by any special order, join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between all parties." Construing this rule, the Court of Appeal in 1896, in *Bennetts & Co.* v. *McIlwraith & Co.* (L. R. [1896] 2 Q. B. 464), held, where plaintiffs brought suit against agents whom it was alleged were duly authorized, and being in doubt as to whether the defendants had or had not authority, made an application

to add the alleged principal as a party defendant, they were entitled to do so and have their application granted. The court say: " The redress, it will be seen, is sought against two persons, but the right to it arises out of one common transaction. This very point has been expressly decided in the year 1877 in this Court by COCKBURN, C. J., MELLISH, L. J., BAGGALLAY, J. A., and BRAM-WELL, J. A., in the case of *Honduras Ry. Co.* v. *Tucker* [L. R. 2 Ex. Div. 301], under the former Order XVI., r. 6, which is the equivalent of the present Order XVI., r. 7. There can be no doubt as to this. Again, in the year 1888, in *Massey* v. *Heynes* [L. R. 21 Q. B. 330], this Court held that where, as in the present case, an action was brought against agents in this country for breach of warranty of authority, the foreign principals were proper parties to be joined as co-defendants." Sections in our Civil Practice Act not theretofore contained in the Code of Civil Procedure and which find their source in the English Practice Act or in the Rules of the Supreme Court of England, may properly be construed and applied as in the English cases. (See *Appelbaum* v. *Gross*, 117 Misc. Rep. 140; affd., on opinion below, 200 App. Div. 914.)

Hitherto, the well-settled practice in this State has been to deny an application, for want of power, to bring in additional parties defendant in an action at law to recover a money judgment only. (See *Dickinson* v. *Tysen*, 125 App. Div. 735, 738, and cases cited.) The appellants urge this rule and cite, besides those referred to, a number of cases, in most of which the application to bring in another defendant was made by the defendant already sued; but even that rule must give way, in my opinion, to section 193 of the Civil Practice Act (as amd. by Laws of 1922, chap. 624), which provides, *inter alia:* " And where one of the parties to an action claims that a person not a party thereto is or will be liable wholly or in part, for the claim made against him in the action, the court on application of such party must direct such person to be brought in and direct the service upon such person of the pleading, alleging the claim against him." That question, however, need not be decided now. A plaintiff heretofore suing for money claimed to be due from a specified debtor, could not couple another as a party defendant for the purpose of ascertaining on the trial which of the two persons owed him the money. In an action against the assumed debtor, who interposed a general denial, he could obtain an examination of the defendant before trial and later discontinue as to him if advisable or necessary, and begin a new suit against the thus disclosed real debtor. In my opinion, however, section 213 of the Civil Practice Act destroys

the former obstacle and gives the plaintiff the right to join as defendants the principal and agent and on the trial determine authority and liability.

I advise that the order appealed from be affirmed, with ten dollars costs and disbursements.

KELLY, P. J., JAYCOX, KELBY and YOUNG, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.