CLARENCE N. PEACOCK and Others, Respondents, v. TATA SONS, LTD., Appellant.

First Department, July 6, 1923.

Libel — action by corporation and two individuals based on one publication — several parties cannot join in one action under Civil Practice Act, § 209 — causes of action must be separately stated and numbered under Rules of Civil Practice, rule 90.

A corporation and two individuals interested in the corporation cannot under section 209 of the Civil Practice Act join in one action to recover damages for libel based on the publication of a letter by the defendant, since the causes of action in favor of the several plaintiffs do not constitute one cause of action.

Accordingly, in such an action the defendant has the right under rule 90 of the Rules of Civil Practice to have the several causes of action separately stated and numbered, although the three causes of action arose out of a single act.

APPEAL by the defendant, Tata Sons, Ltd., from an order of the Supreme Court, made at a New York Special Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1923, denying its motion to compel the plaintiffs to serve an amended complaint separately stating and numbering the alleged causes of action of each of the plaintiffs.

*Rounds, Schurman & Dwight* [*Ralph Scott Harris* of counsel; *Augustus L. Richards* with him on the brief], for the appellant.

*Geller, Rolston & Blanc* [*George S. Mittendorf* of counsel], for the respondents.

First Department, July, 1923.     [Vol. 206.

Smith, J.:

The complaint is for libel. The plaintiffs are a corporation and two individuals in that corporation who claim to have been the organizers thereof. The libel consists in the publication of a letter by one R. D. Tata, who was the president of the defendant corporation, which letter inclosed an exhibit which seems to be a part of a report upon some mica mines, which was submitted to the defendant corporation. In other words, two individuals, who are alleged to have been of good reputation, and this corporation, are jointly suing to recover for libel by reason of this single publication of this report.

The defendant moved to compel the plaintiffs to separately state and number their causes of action, and this motion was denied by the Special Term upon the ground that only one cause of action was stated.

In Newell on Slander and Libel (3d ed. p. 435) it is said: "It has always been held that when words are spoken of two or more persons, they cannot join in an action for the words, because the wrong done to one is no wrong to the other. To this rule there appears to be two exceptions (1) defamatory words published of partners in the way of their business, and (2) slander of the title of joint owners of land."

In Chitty on Pleading (16th Am. ed. p. *73) it is said: "Therefore, several parties cannot, in general, sue jointly for injuries to the person, as for slander, battery, or false imprisonment of both, and each must bring a separate action. In these cases the wrong done to one person cannot in law be to the prejudice of the other, nor is there any criterion by which an entire sum can be awarded to them for damages. But partners in trade may join in an action for slanderous words spoken, or a libel published concerning them in the way of their joint business, without showing the proportion of their respective shares. So joint tenants or coparceners may join in an action for slander of their title to the estate."

In 1 Dyer, 19a (Trinity Term, 28 Hen. 8) it is said: "An action of slander does not lie by two jointly against defendant for calling them 'two false knaves and thieves.' An action upon the case was brought by two, for that the individual called them two false knaves and thieves; and shewed in proof of it, etc. And Mountague intended to demur in law upon the writ, because the tort which one has by the words spoken is not the tort which the other has; therefore, they ought to sever in their actions, as of false imprisonment; and of that opinion was the court, etc."

In *Smith* v. *Cooker* (4 Croke, 512) a man stated of one Thomas Smith and his wife, " Thou and thy wife are both witches and

have bewitched my mare." It was held that they had several actions, but not a joint action. This rule seems to be followed in *Gazynski* v. *Colburn* (11 Cush. 10). In that case the opinion reads in part: " The judgment in this case was rightly arrested. Each count in the declaration alleges that the defendant spoke certain words of and concerning the plaintiffs, by means of which they have been brought into public scandal and disgrace, and greatly injured in their good name. They have instituted a joint action for a tort that is several and not joint. Separate actions should have been brought, one by the husband alone for the injury to him and one by the husband and wife, for the injury to her. * * *

" It has always been held that when words are spoken of two or more persons, they cannot join in an action for words, because the wrong done to one is no wrong to the other. The case of husband and wife is not an exception to this rule. The exceptions to it are the case of words spoken of partners in the way of their trade, and the case of slander of the title of joint owners of land." (See *Brooks* v. *Collier*, 58 S. W. Rep. 559; *Hinkle* v. *Davenport*, 38 Iowa, 356; *Child* v. *Emerson*, 102 Mich. 38; *Robinett* v. *McDonald*, 65 Cal. 611; *Garrison* v. *Sun Printing & Publishing Assn.*, 144 App. Div. 428.)

In *Garrison* v. *Sun Printing & Publishing Assn.* (144 App. Div. 428) the opinion in part reads: " There can, of course, be no single action for a joint libeling of husband and wife. In its present form the complaint is objectionable as combining allegations appropriate to two actions for damages, one by the husband and one by the wife, both based on the same publication." (See, also, *Collier* v. *Postum Cereal Co., Ltd.*, 150 App. Div. 169; *Kornblum* v. *Commercial Advertiser Assn.*, 183 id. 615; *Constitution Publishing Co.* v. *Way*, 94 Ga. 120.)

It is claimed that section 209 of the Civil Practice Act authorizes the joinder in this complaint of these two causes of action, and as they arise out of the same transaction, they constitute but a single cause of action. But that section only authorizes parties to sue in the same action where there is a common question of law or fact which arises. It does not make the two causes of action one, because in the nature of things that cannot be done. (See *S. L. & Co., Inc.*, v. *Bock*, 118 Misc. Rep. 756; *Booth* v. *Briscoe*, L. R. 2 Q. B. Div. 496; *Anderson* v. *Hill*, 53 Barb. 238; *Fleitmann & Co., Inc.*, v. *Colonial Finance Corporation*, 203 App. Div. 827.) The last cited case was a motion to compel the plaintiffs to state separately their causes of action. The opinion of the court in part reads: " The claims are united in one action under the authority of section 209 of the Civil Practice Act. Perrin & Co.

might have sued separately. The Prevot Company might have sued separately, and Fleitmann & Co. might have sued separately. Each one had a cause of action. Each cause of action rests upon a different ground. What might be a defense to plaintiff Fleitmann & Co., would not be a defense to Perrin & Co. or to the claim of the Prevot Company. Rule 90 of the Rules of Civil Practice requires causes of action to be separately stated and numbered. These causes of action may under the section of the Civil Practice Act stated be joined. It seems clear to me that these three causes of action should be separately stated and numbered, to the end that the defendant may make any motion in reference to one or more of them. And section 209 of the Civil Practice Act has made no exception to the rule. If they are not separated, any motion of the defendant in respect to the claim of any of these plaintiffs would create confusion which would interfere with the orderly trial of the case."

Within the rules stated in these authorities, the defendant is entitled to have the causes of action separately stated, although three causes of action arose out of a common act.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.