CHARLES R. ELLICOTT, Appellant, *v.* ARCHIBALD McNEIL & SONS Co., INC., and THE ARCHIBALD McNEIL & SONS Co., INC., OF NEW YORK, Respondents.

First Department, November 2, 1923.

Pleadings — action to recover for services rendered to foreign corporation or to domestic corporation of same name — plaintiff is unable to state for which corporation services were rendered — plaintiff has right under Civil Practice Act, §§ 211–213, to join above corporations as defendants — rule under Code of Civil Procedure, § 484, that only causes of action which affect all parties may be joined is abrogated.

In an action to recover for services rendered in the buying and selling of coal, it appeared that a part of the services for which the plaintiff claimed compen-- sation were rendered to a Connecticut corporation having an office in New York; that in 1920 a New York corporation was organized with a name practically identical with that of the Connecticut corporation, which had the same officers and occupied the same offices and transacted the same kind of business as the Connecticut corporation; that after the organization of the New York corpora- tion the plaintiff rendered services to one or the other of the corporations, but is unable to state for which corporation the services were rendered.

*Held,* in an action against both corporations, that the plaintiff had the right under sections 211–213 of the Civil Practice Act to join both corporations as parties defendant though a part of the services were rendered before the New York corporation was organized.

The old rule under section 484 of the Code of Civil Procedure that only causes of action which affect all the parties to the action may be joined is abrogated by the Civil Practice Act, and under section 212 thereof the fact that a defendant is not interested in all of the relief demanded does not prevent his being joined in an action which seeks relief in which he is not interested, provided he is other- wise a proper party defendant.

APPEAL by the plaintiff, Charles R. Ellicott, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of March, 1923, granting defendants' motions to compel the plaintiff to serve an amended complaint because of misjoinder of causes of action.

*Guthrie, Jerome, Rand & Kresel* [*William Travers Jerome* of counsel; *William S. Siemon* and *William Rand, Jr.,* with him on the brief], for the appellant.

*Peale & McLaughlin* [*G. A. McLaughlin* of counsel], for the respondents.

SMITH, J.:

The corporation first named as defendant is a Connecticut corporation. The corporation second named is a New York corporation organized under nearly the same name. In 1913 the Connecticut corporation was engaged in the business of buying, selling and shipping coal, with an office in New York city. From July, 1913, to July, 1922, the plaintiff rendered certain services in connection with the buying and selling of coal, the agreed compensation being one-half the gross profits realized upon the coal handled by the plaintiff. In 1920 the New York corporation was organized with a name practically identical and engaged in the same business. The plaintiff rendered the same services thereafter and the plaintiff is unable to state whether those services were deemed to have been rendered to the Connecticut corporation with an office in New York, or to the New York corporation, practically similarly named. Both corporations have the same group of stockholders, the same directors, officers and employees and share the same offices in New York city, carry on the same character of business, dealt with and for each other in numerous business transactions, and generally sustained such intimate intercorporate relations and so commingled their records and affairs that the plaintiff never knew and does not know as to any given transaction after the organization of the New York corporation whether he was dealing with or for the New York or the Connecticut corporation.

The notice of motion of the New York corporation asks that the plaintiff strike out any cause of action against the Connecticut corporation and that the plaintiff state as a single cause of action his cause of action against the New York corporation for the services rendered. It will be noticed that the Connecticut corporation differs in name from the New York corporation only in the word "The," which is the first word of the name of the New York corporation, and, also, "of New York" is added. Otherwise, the Connecticut corporation is of the same name.

The order from which the appeal is taken requires the plaintiff within twenty days after service of the notice of entry thereof, to serve upon the attorneys an amended complaint against The Archibald McNeil & Sons Co., Inc., of New York, which said

complaint shall omit any and all allegations relating to the plaintiff's claim against the Archibald McNeil & Sons Co., Inc., which is the Connecticut corporation. And it is further ordered, that in case an appeal from the order is taken within ten days from the service of a copy of the order with notice of entry thereof, the plaintiff may serve said amended complaint within ten days from the service of the order of the Appellate Division determining said appeal with notice of entry thereof, and that unless such amended complaint be served as thus directed, the defendants may on two days' notice present to be signed an order dismissing the complaint herein as to both defendants.

By section 211 of the Civil Practice Act, a plaintiff may join as defendants all persons " against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative; and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities."

By section 212 it is provided: " It shall not be necessary that each defendant shall be interested as to all the relief prayed for, or as to every cause of action included in any proceeding against him; but the court may make such order as may appear just to prevent any defendant from being embarrassed or put to expense by being required to attend any proceedings in which he may have no interest."

By section 213 it is provided: " Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

It will be noticed that this motion is not to compel the plaintiff to separately state and number his causes of action, as required by rule 90 of the Rules of Civil Practice, but the motion is to compel the plaintiff to abandon his cause of action as against the Connecticut corporation and state as a single cause of action the facts upon which he claims liability as against the New York corporation.

As I read sections 211, 212 and 213 of the Civil Practice Act, this in my judgment is just what the plaintiff is not bound to do. From 1913 to 1920, for the coal sold the plaintiff is clearly entitled to make claim against the Connecticut corporation, because at that time the New York corporation was not in existence. From 1920, when the New York corporation came into existence, the plaintiff is in doubt whether his claim is against the New York or the Connecticut corporation, because of the similarity of names, the similarity of officers, and the similarity of interests of the two corporations. If this be treated as two causes of action, one a

cause of action up to the time of the formation of the New York corporation, a cause of action is well stated as to such services as against the Connecticut corporation.  If the complaint be deemed to contain a second cause of action for services since the formation of the New York corporation. as to that cause of action the plaintiff's complaint comes directly within section 213 of the Civil Practice Act, because the plaintiff is in doubt as to which company is liable to pay therefor.  The old rule under section 484 of the Code of Civil Procedure (revised by Civ. Prac. Act, § 258) that only causes of action which affect all the parties to the action may be joined is abrogated by our new practice, and under section 212 of the Civil Practice Act the fact that a defendant is not interested in all of the relief demanded does not prevent his being joined in an action which seeks relief in which he is not interested, provided he is otherwise a proper party defendant.

The plaintiff was in my judgment improperly compelled either to abandon or elect which party he would pursue, or to restate his causes of action, and the order so made should be reversed, with ten dollars costs and disbursements, and the defendants' motion denied, with ten dollars costs, with leave to the defendants to answer upon payment of said costs.

CLARKE, P. J., DOWLING, FINCH and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to answer within twenty days from service of order upon payment of said costs.