In the Matter of the Transfer Tax upon the Estate of CORNELIA PRIME LOWELL, Deceased.

WALTER C. BAYLIES and Another, as Executors, etc., of CORNELIA PRIME LOWELL, Deceased, Appellants; STATE TAX COMMISSION, Respondent.

First Department, February 21, 1924.

Taxation — transfer tax — corporate stock appraised at proper value — bonds of New York corporation not secured by mortgage or otherwise are taxable — such bonds in possession of non-resident in foreign State at time of death are not subject to transfer tax — Tax Law, § 220, subd. 2, unconstitutional in so far as it imposes tax on such bonds.

The stock of a New York corporation in the possession of a non-resident in a foreign State at the time of her death and subject to a transfer tax was appraised at the proper value.

Bonds of a New York corporation, not secured by mortgages on its real property or otherwise and merely representing the indebtedness of the corporation, are subject to a transfer tax under subdivision 2 of section 220 of the Tax Law.

But such bonds in the possession of a non-resident in a foreign State at the time of her death are not property within this State and are, therefore, not subject to a transfer tax, and said subdivision 2 is unconstitutional in so far as it imposes a tax on such bonds.

MERRELL, J., dissents, with memorandum.

APPEAL by Walter C. Baylies and another, as executors, etc., from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 31st day of October, 1923, affirming a prior order fixing and assessing a tax upon the transfer of the property of the deceased.

*Carter, Ledyard & Milburn* [*Joseph F. McCloy* of counsel; *Thomas A. S. Beattie* and *Heber Smith* with him on the brief], for the appellants.

*Charles A. Curtin* of counsel [*A. Welles Stump* with him on the brief], for the State Tax Commission, respondent.

DOWLING, J.:

Cornelia Prime Lowell died on January 17, 1922, at the city of Boston in the Commonwealth of Massachusetts, whereof she was a resident. She left a last will and testament, in which the appellants were named as executors, together with Frederick E. Lowell. The will was duly admitted to probate by the Probate Court of Suffolk county, Mass., and letters testamentary were issued to appellants and to Lowell, the latter resigning as executor on June 1, 1922.

The deceased left no real property in the State of New York, but among the assets of her estate were shares of stock of certain corporations organized under the laws of the State of New York, including shares of stock of Ray Estate Corporation organized under the laws of the State of New York about which there is no controversy, inasmuch as the transfer of shares of stock of New York corporations is clearly taxable under the statute; but the amount of tax imposed on said stock is questioned by the appellants on the ground that too high an appraisal has been placed on the stock.

In addition, testatrix owned at the time of her death $128,000 par value Ray Estate Corporation registered fifty-year gold income debentures, due September 1, 1963.

All of the said bonds were physically located in the city of Boston, Mass. The bonds were not secured by mortgages on the real property of the corporation, or upon its assets, or otherwise, nor does it appear that said bonds represented on the part of the corporation aught but its obligation or indebtedness.

The appraiser included said bonds among the assets reported

as taxable, and accordingly the transfer thereof was taxed by the *pro forma* order entered upon said report, which was affirmed upon appeal to the surrogate, and from his order in that regard the executors also appeal.

Taking up the first subject of appeal, in our opinion there was sufficient evidence to warrant the appraiser in fixing the value of the shares of stock in the Ray Estate Corporation at $64.55 per share, or a total for the 1,250 shares of $80,687.50.

As to the second ground of error assigned, the question concerns the interpretation and application of section 220, subdivision 2, of the Tax Law (as amd. by Laws of 1919, chap. 626),* also known as the Transfer Tax Act. The section reads as follows:

" § 220. Taxable transfers. A tax shall be and is hereby imposed upon the transfer of any property real or personal, or of any interest therein or income therefrom in trust or otherwise, to persons or corporations in the following cases, subject to the exemptions and limitations hereinafter prescribed:   *   *   *.

" 2. When the transfer is by will or intestate law of real property within this State, or of goods, wares and merchandise within this State, or of shares of stock of corporations organized under the laws of this State, or of national banking associations located in this State, and the decedent was a nonresident of the State at the time of his death; or of property evidenced by or consisting of shares of stock of a foreign corporation, joint stock company or association or bonds, notes, mortgages or other evidences of interest in any corporation, joint stock company or association wherever incorporated or organized, except the shares of stock of a foreign corporation, joint stock company or association, or the bonds, notes, mortgages or other evidences of interest in any corporation, joint stock company or association, domestic or foreign, constituting, being or in the nature of a moneyed corporation, a railroad or transportation corporation, or a public service or manufacturing corporation as defined and classified by the laws of this State, and the property represented by such shares of stock, bonds, notes, mortgages or other evidences of interest, consists of real property which is located wholly, or partly, within the State of New York, or of an interest in any partnership business conducted, wholly or partly, within the State of New York, and if not wholly within the State of New York, then in such proportion as the value of the real property of such corporation, joint stock company or association, or as the value of the entire property of such partnership located in the State of New York bears to the value of the entire property of such corporation, joint stock company or association

---

* Since amd. by Laws of 1922, chap. 430.— [REP.

or partnership, and the decedent was a nonresident of the State at the time of his death; or when the transfer is by will or intestate law of capital invested in business in the State by a nonresident of the State doing business in the State either as principal or partner."

The first contention made by appellants as to this section is, that the debentures of the Ray Estate Corporation do not come within the classification of the securities taxable under the act. They were registered gold income debentures, payable in fifty years, bearing six per cent interest. They were not secured by mortgage, and were in effect simply notes, or promises to pay made by the corporation. Appellants claim that the phrase used in subdivision 2 of section 220 of the Tax Law (as amd. *supra*), " or bonds, notes, mortgages or other evidences of interest in any corporation," requires that the bonds sought to be taxed must evidence an interest in the corporation. I believe this would be a forced and unnatural construction of the language used. Bonds and notes do not ordinarily evidence any interest of the payee or holder in the property of the corporation which made them. They are only evidence of a debt or promises to pay. The words " other evidences of interest in any corporation " cannot normally or logically refer to bonds or notes. They can only tend to extend and amplify the word " mortgages " with which they are directly connected in position and meaning, and do not restrict the earlier words, with which they have no reasonable connection. I believe, therefore, that the learned surrogate was correct in holding that these bonds came within the definition of the statute.

We are, therefore, brought to the consideration of the final point raised by the appellants, that these bonds owned by a non-resident of the State and not physically within the State at the time of the death, were not property within the State, and their transfer cannot be subjected to a tax. The learned surrogate, in his opinion, expressed doubt as to the validity of the statute, but deemed it wise not to hold the statute unconstitutional in this regard, in the first instance. (121 Misc. Rep. 106.)

It seems to me that the provisions of the statute cannot be sustained in so far as they impose a tax on bonds which at the time of the non-resident decedent's death were in another State, and not physically present in this State.

The Court of Appeals, in construing the Transfer Tax Act of 1892 (Laws of 1892, chap. 399), said in *Matter of Bronson* (150 N. Y. 1): " Whatever may be argued in support of the right to subject the bonds of domestic corporations to appraisement for taxation purposes under this act, when physically within the State, upon some theory that they are something more than the evidence of a debt

and constitute a peculiar and appreciable species of property, within the recognition of the law as well as of the business community, such argument is certainly unavailing in this case; where the bonds themselves were at their owner's foreign domicile. They did not represent ' property within the State ' in any conceivable sense. What property they represented consisted in the debt of their maker and that species of property, unquestionably, must be considered to be, as a chose in action, the holder's and owner's and to be inseparable from his personality. The Supreme Court of the United States held in *State Tax on Foreign-Held Bonds* (15 Wall. 300), where the State of Pennsylvania assumed to tax the interest payable upon bonds issued by a Pennsylvania corporation, secured by a mortgage upon its property and held by a non-resident, that the tax was invalid. It will be profitable to quote some of the language of the opinion in that case, the soundness of which has never been questioned: ' But debts owing by corporations, like debts owing by individuals, are not property of the debtors in any sense; they are obligations of the debtors, and only possess value in the hands of the creditors. With them they are property, and in their hands they may be taxed. To call debts property of the debtors is simply to misuse terms. All the property there can be in the nature of things in debts of corporations belongs to the creditors, to whom they are payable, and follows their domicile, wherever that may be. Their debts can have no locality separate from the parties to whom they are due. The principle might be stated in many different ways, and supported by citations from numerous adjudications, but no number of authorities and no forms of expression could add anything to its obvious truth, which is recognized upon its simple statement.' It seems difficult to furnish an argument, in support of the view that the debt owing to a creditor is the property, which follows him everywhere, and not the written or printed obligation expressing the indebtedness, that is not resumed in the foregoing opinion. In our consideration of the question, we should not lose sight of the fact that the State, through the Transfer Tax Act, is exerting its taxing power only over that as to which it had jurisdiction for the purposes of taxation; and we should not be confused in that consideration by statutes or decisions which bear upon the exercise of that power over residents within its territorial limits."

In *Matter of Fearing* (138 App. Div. 881; affd., 200 N. Y. 340) the State Comptroller argued that bonds secured by mortgages on real estate situated in this State would constitute taxable property " although the instruments evidencing " such obligations might be " outside of the State." There was also involved in the *Fearing* case another question with respect to the taxation of transfer of

certain trust funds located in the State by virtue of a power of appointment exercised by deceased. The decision of the Appellate Division was that the transfer of the bonds although secured by mortgages in this State was exempt inasmuch as the bonds were not physically located here, the decision resting upon the authority of *Matter of Bronson (supra)* and *Matter of Preston* (75 App. Div. 250). As to the transfer of the deposit, however, the court applied the authority of *Blackstone* v. *Miller* (188 U. S. 189) to sustain the tax. In affirming the Appellate Division, the Court of Appeals (at p. 344) used this language: " Whether the bonds are secured, as in the *Bronson* case, by mortgages of corporate property, or, as in the present case, by mortgages of the property of individuals, they represent, equally, debts of their makers, which, as choses in action, under the general rule of law, are inseparable from the personality of the owner. Under that rule, as it was said in *State Tax on Foreign-Held Bonds* (15 Wall. 300, 320) of the bonds there, they ' can have no locality separate from the parties to whom they are due,' and the legal situs of the indebtedness, which they represent, is fixed by the domicile of the creditor."

It is quite true that the United States Supreme Court said in *Blackstone* v. *Miller* (188 U. S. 189, 206): " Power over the person of the debtor confers jurisdiction, we repeat. And this being so we perceive no better reason for denying the right of New York to impose a succession tax on debts owed by its citizens than upon tangible chattels found within the State at the time of the death."

But that decision was made in 1903, and it did not control the decision of the Court of Appeals, which was made in 1911, although it had been distinguished by that court in 1906 in the opinion of Judge HISCOCK in *Matter of Gordon* (186 N. Y. 475).

The order appealed from, in so far as it determines the taxability of the bonds in question, should, therefore, be reversed, and the matter remitted to the Surrogate's Court for appropriate action in accordance with this opinion, with costs to all parties appearing on this appeal, payable out of the estate.

CLARKE, P. J., SMITH and McAVOY, JJ., concur; MERRELL, J., dissents.

MERRELL, J. (dissenting):

I dissent upon the ground that the property represented by the bonds of the Ray Estate Corporation consists of real property which is located within the State of New York, and that said bonds, although physically located without this State, are nevertheless taxable here under the provisions of subdivision 2 of section 220

of the Tax Law (as amd. by Laws of 1919, chap. 626),* also known as the Transfer Tax Act.

Order reversed to the extent indicated and proceeding remitted to the Surrogate's Court for further action in accordance with opinion of DOWLING, J., with costs to all parties on this appeal payable out of the estate.

---

* Since amd. by Laws of 1922, chap. 430.— [REP.