FOX FILM CORPORATION, Appellant, v. WIRTH & HAMID REALTY CORPORATION, Defendant, Impleaded with WIRTH & HAMID, INC., Respondent.

First Department, December 5, 1930.

**38**

*Percy Heiliger* of counsel [*Saul E. Rogers* with him on the brief], for the appellant.

*Arthur Hutter* of counsel [*Hutter & Rosenbloom*, attorneys], for the respondent.

MERRELL, J. This action is brought to recover for breach of contract to furnish motion picture films to the Queensborough Theatre, Elmhurst, Long Island. Pursuant to the provisions of section 213 of the Civil Practice Act, the two defendants, Wirth & Hamid Realty Corporation and Wirth & Hamid, Inc., were named as parties defendant. In plaintiff's amended complaint it alleges that the reason plaintiff joins the two defendants is " that it is in doubt as to which defendant, or both, is liable " for the breach of the contracts upon which the plaintiff's action is based. The defendant Wirth & Hamid Realty Corporation defaulted in appearance or answering, but the defendant Wirth & Hamid, Inc., has answered herein. Upon the demand of the defendant, respondent, the plaintiff served a bill of particulars, and upon the pleadings, consisting of the amended complaint, the answer of the defendant, respondent, thereto, and plaintiff's bill of particulars, the defendant, respondent, moved, under rule 112 of the Rules of Civil Practice, for dismissal of plaintiff's complaint, resulting in the order and judgment appealed from.

In plaintiff's amended complaint, after formal allegations of the incorporation of the plaintiff and of each of the defendants under and by virtue of the laws of the State of New York, the plaintiff alleges that on or about August 14, 1928, one William Wachtell, acting on behalf of Wirth & Hamid Realty Corporation, or the defendant Wirth & Hamid, Inc., or of both, entered into written contracts, pursuant to which the plaintiff licensed and agreed to furnish for the period commencing on or about October 1, 1928, and terminating on or about September 30, 1929, positive prints of certain feature motion pictures mentioned in said contracts, to be exhibited at the Queensborough Theatre, Elmhurst, Long Island, and that either of said defendants, or both, agreed to accept

and publicly exhibit the said motion pictures within said period and for such licenses and privileges either of said defendants, or both, agreed to pay the plaintiff the various license fees enumerated in such contracts; that thereafter and in violation of said contracts either of said defendants, or both, failed to exhibit and pay for certain specified motion pictures at the agreed license fee set forth in said complaint, and amounting in the aggregate to $6,225, in which sum plaintiff alleges it suffered damages by reason of default of the defendants or either or both of them.

As a second cause of action plaintiff, in its amended complaint, alleges that on or about August 14, 1928, said William Wachtell, acting in behalf of the defendant Wirth & Hamid Realty Corporation, or the defendant Wirth & Hamid, Inc., or for both, entered into a written contract pursuant to which plaintiff licensed and agreed to furnish for the period commencing on or about September 15, 1928, and terminating on or about September 14, 1929, positive prints of weekly issues, known as " Odd " and " Even " issues of " Fox News " to be exhibited at the Queensborough Theatre, Elmhurst, Long Island, and that either of said defendants, or both, agreed to accept and publicly exhibit each week one " Odd " and one " Even " issue of said " Fox News," and for such license and privilege agreed to pay plaintiff the sum of $910 for the " Odd " issues and the sum of $729 for the " Even " issues; that thereafter in violation of said contract and on or about March 18, 1929, either of said defendants, or both, failed to exhibit and pay for the remaining weekly issues of said " Fox News," pursuant to the terms and provisions of the contract, and that by reason thereof the plaintiff has been damaged in the sum of $1,639. Judgment is demanded in the action in favor of plaintiff and against defendants, or either of them, in the sum of $7,864, besides costs and disbursements of the action.

The answer of the defendant, respondent, puts in issue the material allegations of the complaint, except the formal allegations as to the corporate capacity of the respective parties. Pursuant to the demand of defendant, the plaintiff served its bill of particulars, as follows:

" I. The photostatic copies of the documents referred to in paragraph ' Third ' of the plaintiff's amended complaint are attached hereto and marked Exhibit ' A,' Exhibit ' B ' and Exhibit ' C.'

" II. The said William Wachtel desiring the plaintiff to furnish motion pictures for the said Queensboro Theatre, Elmhurst, L. I., delivered to the plaintiff the said documents marked Exhibit ' A,' Exhibit ' B ' and Exhibit ' C.'

" III. The photostatic copies of the documents referred to in

paragraph 'Tenth' of the plaintiff's amended complaint are attached hereto and marked Exhibit 'A,' Exhibit 'B' and Exhibit 'D.'

"IV. The said William Wachtel desiring the plaintiff to furnish motion pictures for the said Queensboro Theatre, Elmhurst, L. I., delivered to the plaintiff the said documents marked Exhibit 'A,' Exhibit 'B' and Exhibit 'D.'"

Exhibits A and B, referred to in plaintiff's bill of particulars, are as follows:

"Exhibit A.

"Wirth and Hamid Realty Corporation

"1560 Broadway

"Suite 1005

"New York City

"*August* 7, 1928.

"*To whom this may concern:*

"Mr. W. P. Wachtel is duly authorized by our Company to sign any Motion Picture contracts on our behalf for this coming season (1928) and any contract that may be signed will be duly carried out, per the above.

"Yours very truly,

"WIRTH AND HAMID REALTY CORPORATION,

"Per George Hamid,

"GH:DP." "*Pres.*

"Exhibit B.

"Wirth and Hamid, Inc.

"1560 Broadway

"Suite 1512

"New York City

"*August* 18th, 1928.

"Fox Film Corporation,

 "345 West 44th Street,

 "New York, N. Y.

"Gentlemen.— This is an authorization for Mr. William Wachtel to sign for and on our behalf all contracts in connection with the buying of films, etc., for our 'Queensboro Theatre,' Elmhurst, Long Island.

"Yours sincerely,

"WIRTH & HAMID, INC.,

"Per Frank Wirth.

"FW:AC."

The court at Special Term held that, inasmuch as the contracts upon which the plaintiff has sued were executed by Wirth & Hamid

Realty Corporation, by William Wachtel, there can be no liability on the part of the defendant, respondent, to plaintiff thereon. It does not appear from the pleadings as to when the contracts in question were actually accepted and signed by Wirth & Hamid Realty Corporation, and, as indicated by the justice at Special Term, while both contracts are dated August 14, 1928, it may be that the contracts were not signed until after the date of August 18, 1928, when Exhibit B was written by defendant, respondent, to plaintiff. In our opinion the circumstances of this case fully justified the plaintiff in joining Wirth & Hamid, Inc., as a party defendant. It is very clear from Exhibit B, which was signed by defendant, respondent, and addressed to plaintiff, that Wachtel, who appears to have signed each of the contracts in behalf of the defendant Wirth & Hamid Realty Corporation, was authorized to sign, in behalf of Wirth & Hamid, Inc., " all contracts in connection with the buying of films, etc., for our ' Queensboro Theatre,' Elmhurst, Long Island." Certainly this letter indicates that Wachtel was authorized to sign a contract in behalf of the defendant, respondent, for motion pictures for use in the Queensborough Theatre, Elmhurst, Long Island. It appears from this letter that defendant, respondent, is interested in the theatre in question, and it may well be that the contracts in suit were, in fact, for the benefit of the defendant, respondent, although executed in form by the defendant Wirth & Hamid Realty Corporation. Section 213 of the Civil Practice Act provides as follows: " Where doubt exists as to who is liable. Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

The provisions of section 213 of the Civil Practice Act have been liberally construed by our court, and in our opinion, under the allegations of the complaint, the plaintiff was justified in joining both defendants in the action. (*Ellicott* v. *McNeil & Sons Co., Inc.*, 206 App. Div. 441; *Jamison* v. *Lamborn*, 207 id. 375; *Geer* v. *Blemton Realty Corporation*, 218 id. 102.) Under the allegations of the amended complaint it clearly appears that Wachtel, representing either or both of the defendants, desired to make contracts for the exhibition of motion pictures in the Queensborough Theatre, at Elmhurst, Long Island. It further appears that Wachtel submitted to plaintiff on August 7, 1928, an authorization signed by Wirth & Hamid Realty Corporation that he had the right to execute a contract in its behalf. The allegations of the complaint and bill of particulars indicate that Wachtel also procured an

authorization of the defendant Wirth & Hamid, Inc., to sign contracts for motion pictures for the same threatre in its behalf, and that thereafter the two contracts were signed by plaintiff in their usual form. It does not appear as to when said contracts were actually signed. Notwithstanding the fact that the contracts were signed by Wachtel in behalf of Wirth & Hamid Realty Corporation, it does not follow that Wirth & Hamid, Inc., may not have been the real corporate entity for whose benefit the contracts were actually made. The letter, written by the defendant, respondent, and addressed to plaintiff authorizing Wachtel to sign contracts on its behalf for the purchase of films for its Queensborough Theatre, certainly requires some explanation, and would seem to give rise to the inference that the defendant, respondent, was the real party in interest and for whose benefit the contracts were made. The evidence upon the trial may well justify such inference. Under the circumstances the question of liability was in such doubt as to justify plaintiff in joining the defendant, respondent, as a party defendant in the action. It is unnecessary for plaintiff to allege that both defendants are liable, but that either may be. (*Jamison* v. *Lamborn*, 207 App. Div. 375.)

We are of the opinion, therefore, that the judgment and order appealed from should be reversed, with costs, and defendant, respondent's, motion denied, with ten dollars costs.

DOWLING, P. J., MARTIN, O'MALLEY and SHERMAN, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.