**TOTTEN v. UNITED STATES LINES CO. et al.**

District Court, S. D. New York.

Aug. 21, 1936.

Gazan & Caldwell, of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City, for defendants.

LEIBELL, District Judge.

The plaintiff, a seaman, has brought this action against four steamship companies. Two of them, United States Lines Company and Transatlantic Steamship Company, own and operate the Washington. The other two, American Line Steamship Corporation and Atlantic Transport Company of West Virginia own and operate the Pennsylvania. The plaintiff was employed aboard the Washington from October 23, 1935, to January 15, 1936; aboard the Pennsylvania from January 25, 1936, to March 2, 1936; and again aboard the Washington from March 11, 1936, to April 2, 1936. Plaintiff alleges in his bill of complaint that during the period from October 23, 1935, to April 2, 1936, "he was caused to contract or to develop pulmonary tuberculosis by reason of the carelessness and negligence of the defendants," and "that said injuries and pulmonary tuberculosis were caused by reason of the separate individual and collective negligence

of the defendants," who allegedly failed to provide proper living conditions for the plaintiff seaman. The bill of complaint demands judgment "against the defendants" for $25,000.

This motion is made to compel the plaintiff to separately state and number the alleged causes of action contained in the complaint against the two groups of defendants.

■ The disposition of the motion depends, of course, upon whether or not there is more than one cause of action stated in the complaint. It is clear that the defendants were not joint tort-feasors. No conspiracy is charged. Their alleged negligence was not concurrent, but took place during successive periods of time. The defendants must therefore, according to the allegations of the complaint, have committed separate and distinct torts against the plaintiff. Each tort gives rise to a separate cause of action, which should be stated as such.

In Sherlock v. Manwaren, 208 App. Div. 538, 203 N.Y.S. 709, frequently cited, the plaintiff sued several physicians for alleged negligence in treating plaintiff for injuries to his arm and shoulder during successive periods of time. Upon a motion to compel plaintiff to serve separate complaints, the court held that, while the causes of action might be joined in the one complaint, they should nevertheless be separately stated and numbered under Rule 90 of the Rules of Civil Practice.

The court said, 208 App.Div. 538, at pages 539, 540, 203 N.Y.S. 709, 710: "There is nothing in the complaint to indicate that the defendants, or any of them, were joint tort-feasors, except possibly the allegations relating to what was done by the defendants Mansperger and Bowerman on the 26th day of May, 1921. It is reasonably clear that a separate cause of action against each defendant is stated."

And at page 541 of 208 App.Div., 203 N.Y.S. 709, 711: "The complaint, however, did not comply with the provisions of rule 90 of the Rules of Civil Practice, in that the separate causes of action were not separately stated and numbered. It was open to motion on that ground. Peacock v. Tata Sons, Ltd., 206 App.Div. 145, 200 N.Y.S. 656; Fleitmann & Co., Inc., v. Colonial Finance Corp., 203 App.Div. 827, 197 N.Y.S. 125; Smith v. Earle, 202 App. Div. 305, 195 N.Y.S. 342."

Under that decision, the plaintiff herein should be compelled to separately state and number his causes of action against the defendants.

■ The claim was made by plaintiff's counsel upon the argument of this motion that he was unable to allege the exact date upon which the plaintiff contracted tuberculosis, or, in other words, that he does not definitely know upon what boat he was employed when he contracted the disease. If plaintiff's counsel means that he does not know which group of defendants is liable to plaintiff, he should, by proper allegations, bring his pleading within section 213 of the Civil Practice Act.

Referring to section 213, it was said in Zenith Bathing Pavilion, Inc., v. Fair Oaks S. S. Corp., 211 App.Div. 492, at pages 495, 496, 207 N.Y.S. 306, 309: "Under section 213 of the Civil Practice Act a new procedure taken from [rule 7 of order 16 of the English Rules of the Supreme Court, 1883, here known as] the English practice act is injected into our practice, namely, where plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants to the intent that the question as to which, if any, of 'the defendants is liable, and to what extent, may be determined as between the parties; and section 211 of the Civil Practice Act [taken from rule 4 of order 16 of the English Rules of the Supreme Court, 1883] provides that all persons may be joined as defendants against whom the right to any relief may be alleged to exist, whether jointly, severally, or in the alternative, and judgment may be given against such one or more of the defendants as may be found liable according to their respective liabilities. The courts have passed upon the new sections of the Civil Practice Act and have upheld the same. Jamison v. Lamborn, 207 App. Div. 375, 202 N.Y.S. 113; Ellicott v. McNeil & Sons Co., Inc., 206 App.Div. 441, 201 N. Y.S. 500; Schechtman v. Salaway, 204 App.Div. 549, 198 N.Y.S. 851; Sherlock v. Manwaren, 208 App.Div. 538, 203 N. Y.S. 709.

The application of section 213 of the Civil Practice Act to actions in the federal District Courts in this state is discussed in Julius Klugman's Sons, Inc., v. Oceanic Steam Nav. Co., Ltd., et al. (D. C.) 42 F.(2d) 461.

The present motion is granted with leave to serve an amended complaint within

twenty days after the entry of an order upon this decision. If plaintiff claims that all the defendants are liable, then his amended complaint should separately state and number the causes of action against the several groups of defendants. If plaintiff decides to plead under section 213 of the Civil Practice Act, then his amended complaint should contain some allegation showing that plaintiff is in doubt as to the person from whom he is entitled to redress. Fox Film Corporation v. Wirth & Hamid Realty Corp., 231 App.Div. 37, 246 N.Y.S. 246.

Settle order on notice.