WILLIAM A. JAMISON and Others, Copartners Doing Business
under the Firm Name and Style of ARBUCKLE BROS., Respond-
ents, v. ARTHUR H. LAMBORN and Others, Copartners Doing
Business under the Firm Name and Style of LAMBORN & COM-
PANY, Appellants, Impleaded with S. M. FLICKINGER COMPANY,
INC., Defendant.

First Department, December 14, 1923.

Pleadings — complaint — action against agent and disclosed principal
for breach of contract of sale — principal repudiated agent's authority
— seller may join both agent and principal in same action under
Civil Practice Act, § 213 — complaint is sufficient if facts show liability
on part of one defendant — not necessary to plead that agent had
authority.

In an action by a seller to recover damages for breach of a contract for the sale
of goods, the seller may join both the alleged agent of the buyer and the buyer,
where the goods are rejected by the buyer on the ground that the agent had no
authority to act for it, since section 213 of the Civil Practice Act specifically
provides that where the plaintiff is in doubt as to the person from whom he is
entitled to redress, he may join two or more defendants, to the intent that the
question as to which, if any, of the defendants is liable, and to what extent may
be determined as between the parties.

The complaint in this action is sufficient inasmuch as enough facts are pleaded to
show that the plaintiff is entitled to damages from one or the other of the
defendants.

It was not necessary for the plaintiffs to plead specifically that the agent did or
did not have authority to represent the buyer, but it was sufficient to plead
that the agent represented that he had authority and that the principal thereafter
repudiated the same.

APPEAL by the defendants, Arthur H. Lamborn and others,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the county
of New York on the 5th day of March, 1923, denying their motion,
made under section 277 of the Civil Practice Act and rules 106 and
107 of the Rules of Civil Practice, to dismiss the complaint, made
upon the grounds that it does not state facts sufficient to constitute
a cause of action against said defendants and that there is an exist-
ing final judgment of a court of competent jurisdiction rendered on
the merits determining the same cause of action between the plain-
tiffs and said defendants.

*Van Doren, Conklin & McNevin* [*Alfred C. B. McNevin* of
counsel [*Louis O. Van Doren* and *Edward S. Bentley* with him on
the brief], for the appellants.

*Cullen & Dykman* [*Edward J. Byrne* of counsel], for the
respondents.

DOWLING, J.:

The complaint herein alleges that on or about June 25, 1921, defendants Lamborn & Company " assuming to act as broker and agent on behalf of the defendant, S. M. Flickinger Company, Inc., entered into an agreement with these plaintiffs whereby the plaintiffs agreed to sell sixty thousand (60,000) pounds of sugar f. o. b. New York, to the defendant, S. M. Flickinger Company, Inc., delivery to be made on or before July 31, 1920, for which the defendant S. M. Flickinger Company, Inc., agreed to pay the sum of fourteen thousand two hundred and forty dollars ($14,240)," which was the reasonable value of the said sugar. The complaint further alleges that Lamborn & Company " represented to the plaintiffs that they were duly authorized and empowered by the said defendant S. M. Flickinger Company, Inc., to so enter into the aforementioned agreement on its behalf," and that relying upon said representation and said supposed authority of Lamborn & Company, the plaintiffs, pursuant to said agreement, on or about July 20, 1920, shipped the said 60,000 pounds of sugar, and delivery thereof was tendered to defendant S. M. Flickinger Company, Inc., at Jamestown, N. Y. The complaint then alleges " That the said defendant S. M. Flickinger Company, Inc., declined to receive or pay for the said sugar and denied that the defendants, Lamborn & Company, had authority to enter into the aforesaid agreement on its behalf." It is then averred that the sugar was resold at a total damage to the plaintiff of $6,118.85, being the difference between the contract price and the sum realized upon the resale, plus the cost of effecting same. Judgment is demanded against both defendants in the sum of $6,118.85, with interest.

Under former rules of pleading, it is apparent that this complaint would have been open to demurrer, for it neither asserts nor denies that the Lamborn Company had authority to act for the Flickinger Company, Inc. Therefore, it would have been open to attack by both the defendants, since under no theory set forth in the complaint could both defendants have been liable.

But this has been entirely changed by the new Civil Practice Act in the effort to avoid multiplicity and circuity of actions. Section 213 of the Civil Practice Act now provides: " Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

Singularly enough, the revisers' note covers this identical case and quotes the following illustration for the reason for the above provision as given in the notes to the English practice rules from

which it is taken (English Rules of Supreme Court, 1883, order 16, rule 7): " The typical case for the application of the rule which is of most frequent occurrence in practice is where a person, assuming to act as agent for a disclosed principal, makes a contract with plaintiff, the breach of which gives rise to the action. The principal repudiates the agent's authority. Plaintiff is in the dark as to the authority of the agent. He may join both principal and agent under this rule, claiming against the principal such relief as he may be entitled to upon the footing that the agent had the authority which he assumed to have, and alternatively claiming against the agent damages for breach of warranty of authority."*

Thus, in the case under consideration, the complaint sets forth all the essential facts entitling plaintiff to damages to be recovered from one of the defendants. If Lamborn & Company had authority to represent the Flickinger Company, the recovery will be against the latter; if it had no such authority, the recovery will be against the former. This is what the section in question contemplated. So that a complaint setting forth facts under which either one of two defendants must be held liable is immune to motion in the nature of demurrer by either. It is enough if facts are pleaded, under which two alternatives exist, the proof of either of which will result in holding one of the defendants liable. It is not necessary that both should be liable, otherwise there would be no necessity for the change in the rule of pleading.

Nor is it necessary for plaintiffs to specifically plead that the agent did, or did not, have authority to represent his principal in the transaction complained of. It is enough to plead that the agent represented that he had authority, and that the principal thereafter repudiated the same.

The second point raised by appellants that there is an existing final judgment rendered on the merits determining the same cause of action, is, in my opinion, without basis and does not call for discussion.

The order appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to the defendants, appellants, to answer within twenty days from service of order upon payment of said costs and ten dollars costs of motion at Special Term.

* See Report Bd. Stat. Consol. Simp. Civ. Prac., being N. Y. Sen. Doc. 1915, vol. 38, No. 70, pt. 1, p. 67, rule 114; Id. p. 282, note 184; Report Joint Legis. Com. Simp. Civ. Prac., being N. Y. Legis. Doc. 1919, vol. 40, No. 111, p. 157, § 213, note; White, King & Stringer The Annual Practice 1923, pp. 228, 229, note.—[REP.