ZENITH BATHING PAVILION, INC., Respondent, *v.* FAIR OAKS STEAMSHIP CORPORATION and Others, Appellants.

First Department, January 9, 1925.

Attachment — action for damages based on failure to remove hull of boat from plaintiff's premises on demand as agreed — cause of action is based on injury to property within Civil Practice Act, § 902, and General Construction Law, § 25-a — plaintiff being unable to determine who owned hull, had right, under Civil Practice Act, §§ 211 and 213, to join all as defendants — complaint shows cause of action — attachment may issue against all defendants — undertaking by plaintiff not made fatally defective by omitting names of two defendants from caption — defendants waived said alleged defect by not specifying it in notice of motion as required by Rules of Civil Practice, rule 62 — court could have permitted amendment to undertaking under Civil Practice Act, §§ 105 and 150 — plaintiff's rights will be protected by bond.

A complaint in an action against foreign corporations and a non-resident individual defendant states a cause of action for an injury to property within the meaning of section 902 of the Civil Practice Act and section 25-a of the General Construction Law, which alleges that the defendants refused to remove the hull of a boat from property purchased by the plaintiff; that the defendants had a license to use the property and agreed to remove the hull upon demand; and that through the failure of the defendants to remove the hull the plaintiff was damaged in an amount stated.

The several defendants were properly joined as parties under sections 211 and 213 of the Civil Practice Act, since it appears that the plaintiff, after making inquiries, was unable to ascertain which one of the defendants actually owned the hull.

The plaintiff had the right to attach the individual property of all of the defendants, though it is uncertain which one of them is liable for the damage caused to the plaintiff.

The fact that the names of two of the defendants were omitted from the caption of the plaintiff's undertaking did not make it fatally defective and, furthermore, the alleged defect was waived by the failure of the defendants to specify it in their notice of motion to vacate the attachment as required by rule 62 of the

Rules of Civil Practice.   Not only that, but it was clearly within the discretion
of the court to permit an amendment to the undertaking pursuant to the pro-
visions of sections 105 and 150 of the Civil Practice Act.
The interests of the plaintiff will be adequately protected by modifying the order
denying the motion to vacate the attachment so as to permit the defendants
to give an undertaking.
MARTIN, J., dissents, with opinion.

APPEAL by the defendants, Fair Oaks Steamship Corporation
and others, from an order of the Supreme Court, made at the Bronx
Special Term and entered in the office of the clerk of the county
of Bronx on the 26th day of June, 1924, denying their motion to
vacate a warrant of attachment except as to defendants Columbia
Oval Corporation and Charles E. Gremmels, and denying said
motion as to said two defendants on condition that plaintiff file
another undertaking in the sum of $1,000 including all defendants.

*Walter F. Welch,* for the appellants.

*Kiddle & Margeson [Henry T. Hornidge* of counsel; *Alfred W.
Kiddle* with him on the brief], for the respondent.

MERRELL, J.:

The defendant corporations are all foreign corporations organized
under and pursuant to the laws of the State of Delaware.   The
defendant Charles E. Gremmels is a non-resident of the State of
New York, residing at Morristown in the State of New Jersey.
The action is brought to recover damages in the sum of $12,000
against the defendants for the wrongful possession by the defend-
ants or one of them of the real property of the plaintiff.   Plaintiff
purchased the real property in question, which is a waterfront plot
situate at City Island, New York city, on February 23, 1924, and
has since been the owner and entitled to the possession of said
premises.   Prior to the purchase of said real property by the
plaintiff the same had formed a part of a shipyard owned by the
estate of Jane L. Hawkins, deceased, plaintiff's grantor.   At the
time plaintiff purchased the property there was located thereon
an uncompleted vessel known as a trawler, 150 feet in length,
which occupied a substantial part of the said real property.   The
occupation thereof by the shipbuilders was by license or permission
of plaintiff's grantor, said possession being subject to the will of
the owner and being held upon condition that the owner of the
vessel would remove the same on demand.   When the plaintiff
took title to the premises from the estate of Jane L. Hawkins,
deceased, due demand was made upon the owner of the vessel
for the removal thereof from the premises, and the plaintiff then
advised the defendants of the use to which it intended to put
said premises, which was the erection of a large bathing pavilion

with its accessories. In response to the demand upon them the defendants agreed to remove said vessel from the premises, but thereafter failed to do so, although repeated demands that said vessel be removed were made by the plaintiff of the defendants from February until May, 1924. Defendants repeatedly promised to remove the vessel, but did not do so, and plaintiff was compelled finally to arrange for its launching and in that regard incurred an expense of $2,900. Because of the failure to remove said vessel in accordance with such demand the plaintiff was obliged to commence in piecemeal building operations of the various structures which it desired to erect, and was compelled to build on either side of the vessel, leaving the final completion of the structure to such time as the premises would be free from the obstruction. Plaintiff alleges that, had the premises been unincumbered by said vessel or if the same had been removed promptly upon the demand of the plaintiff and its grantor, plaintiff's erections on the premises could have been completed and the bathing pavilion in operation before June 1, 1924, and that plaintiff could have leased said premises for the bathing season of the past year; that the delay caused by the failure of the defendants to remove said vessel postponed the completion to August 15, 1924, when the bathing season had passed, and plaintiff was deprived of the use of said premises for such purpose during the past year's bathing season. Plaintiff further alleges that by reason of the failure to remove said vessel and the piecemeal construction to which plaintiff was obliged to resort, the building was erected by plaintiff at an increased cost of $2,100 over what it should have cost had the vessel not been upon the premises; that the loss to the plaintiff in the use of the premises for the bathing season of 1924 was $7,000, which plaintiff alleges was the fair and reasonable rental value of the premises as improved. Plaintiff's entire damages, including the expense of $2,900 to which plaintiff was put for the launching of the vessel, made a total of $12,000, for which damages were asked in the complaint. The plaintiff in its complaint alleges doubt as to which of the defendants owned the vessel during the period of the wrongful possession of plaintiff's premises. No entry of the ownership of the vessel could be discovered in the custom house records. The defendant Gremmels was the president and in control of all three of the corporate defendants, all having their respective offices at the same place, viz., No. 17 Battery Place. The vessel was purchased by the defendant Fair Oaks Steamship Corporation in November, 1923. However, a contract for the launching of the vessel, of which plaintiff was advised at the time it purchased the premises, was made in the name of the defendant

Morecraft Transportation Corporation. This would indicate that the ownership of the vessel had been transferred to the said last-named defendant. Such contract for launching was never performed. Plaintiff also shows that the defendant Columbia Oval Corporation acquired title to a shipyard adjacent to the plaintiff's premises, and plaintiff alleges that it was informed by an employee of the Columbia Oval Corporation that the vessel had been transferred to the informant's corporation in March, 1924. The affidavit of Oliver E. Davis, who swears that he was the general counsel of the plaintiff and represented the plaintiff as its attorney in the purchase of the premises, with regard to plaintiff's efforts to get rid of the hull mentioned in the complaint and to have the same removed from the premises, is to the effect that the attorneys for the defendant Fair Oaks Steamship Corporation informed him that the defendant Gremmels was the principal and the owner of the vessel. In the motion papers to vacate the sole affidavit in support of the motion was that of defendants' attorney, Walter F. Welch, and said affidavit is silent as to the identity of the owner of the vessel.

The defendants, in moving to set aside the warrant of attachment herein, contend that the same was improperly issued against the individual property of the several defendants, and that the same should be vacated.

The cause of action set forth in the complaint is one specified in section 902 of the Civil Practice Act as an "injury to property" as specified by section 25-a of the General Construction Law (as added by Laws of 1920, chap. 917). (See, also, *Ghiglione* v. *Friedman,* 115 App. Div. 606.) Permission to occupy the premises upon condition that the vessel should be removed upon demand was subject to revocation upon demand for the removal of the vessel. Failing to remove said vessel on demand, the occupants became trespassers. (*Wheelock* v. *Noonan,* 108 N. Y. 179.) The damages claimed are recoverable as rental value of the premises for the period during which the plaintiff was kept out of the same, and the other items of expense naturally flowing from such continued trespass by the defendants. (*Schile* v. *Brokhahus,* 80 N. Y. 614; *Snow* v. *Pulitzer,* 142 id. 263.)

Under section 213 of the Civil Practice Act a new procedure, taken from rule 7 of order 16 of the English Rules of the Supreme Court, 1883, here known as the English Practice Act, is injected into our practice, namely, where plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined

as between the parties; and section 211 of the Civil Practice Act, taken from rule 4 of order 16 of the English Rules of the Supreme Court, 1883, provides that all persons may be joined as defendants against whom the right to any relief is alleged to exist, whether jointly, severally or in the alternative, and judgment may be given against such one or more of the defendants as may be found to be liable, according to their respective liabilities. The courts have passed upon the new sections of the Civil Practice Act and have upheld the same. (*Jamison* v. *Lamborn*, 207 App. Div. 375; *Ellicott* v. *McNeil & Sons Co., Inc.*, 206 id. 441; *Schechtman* v. *Salaway*, 204 id. 549; *Sherlock* v. *Manwaren*, 208 id. 538.) Unquestionably under these decisions the complaint would be held good upon a motion to dismiss.

The courts have also held that in case of attachment the rule as to the sufficiency of the complaint is less rigid than in a motion to dismiss. (*Goldmark* v. *Magnolia Metal Co.*, 28 App. Div. 264, 271; *Jones* v. *Hygienic Soap Granulator Co.*, 110 id. 331.) The complaint here is sufficient to establish a cause of action against either one of the defendants named. I do not think it can be said that it was the intention of the Legislature, when it broadened the provisions of the practice by the enactment of sections 211 and 213 of the Civil Practice Act, to deprive a plaintiff of the provisional remedies accorded by law.

The defendants contend that it is unjust to permit the attachment of the individual property of all four of the defendants to the amount of $12,000 to satisfy a claim which can only be asserted for that amount either against one or more of the defendants, and that the defendants are unprotected by a bond, except for the sum of $250, filed by the plaintiff upon obtaining the warrant of attachment. The defendants demanded in their motion to vacate that additional security be given in the sum of $2,500. The law provides that if a defendant is not satisfied with the security, he may move for an increase thereof sufficient to protect him not only as to costs but also as to any damages which he may suffer by reason of the attachment. In response to such contention by the defendants, the court, as a condition of denying the defendants' motion to vacate the warrant of attachment, required the plaintiff to file an additional undertaking in the sum of $1,000.

The defendants also insist that there was a fatal omission in the undertaking given by the plaintiff in that the names of the defendants Columbia Oval Corporation and Charles E. Gremmels were omitted from the caption thereof. I am of the opinion that this did not affect the liability of the defendants under said undertaking, as the undertaking clearly would be operative in case the *defendants*

recover judgment in the action or if the warrant of attachment was vacated. Furthermore, in the notice of motion to vacate the defendants failed to specify such omission or irregularity in the undertaking in accordance with the provisions of rule 62 of the Rules of Civil Practice. Not only that, but it was clearly within the discretion of the court at Special Term to permit an amendment of the undertaking pursuant to the provisions of sections 150 and 105 of the Civil Practice Act.

We are of the opinion, however, that the rights of the plaintiff can be adequately protected without impounding property of each of the defendants to the amount of plaintiff's claim and attaching in the aggregate property to the amount of $48,000. The action is brought against three corporate defendants and one individual defendant, and it is alleged that the individual defendant is the president and in control of each and all of the corporate defendants. All of the defendants united in moving to vacate the attachment and are appealing from the order of the Special Term granted upon such motion. We are of the opinion that the interests of the plaintiff will be adequately protected without undue hardship upon the defendants by modifying the order appealed from so as to provide that the motion to vacate be granted upon the condition that within ten days from the service upon defendants' attorney of a copy of said order as modified, with notice of entry thereof, the defendants deliver to the sheriff an undertaking, executed by at least two sureties approved by the court, to the effect that they are bound in the sum of $12,000 to pay the amount of any judgment recovered in this action by the plaintiff herein against said defendants or any of them, and as so modified affirmed, without costs; and that if the defendants fail to file such undertaking then the order will be affirmed, with ten dollars costs and disbursements to the respondent.

CLARKE, P. J., DOWLING and BURR, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting):

The Civil Practice Act permits the joinder of several defendants in one action when the plaintiff is unable to allege with certainty which defendant is liable. It also permits an attachment of property in some cases where a cause of action and damages are set forth with certainty.

When a plaintiff sues several defendants and avers that he is unable to determine which one is liable he should not be permitted to attach the property of all of the defendants on a complaint

alleging but one cause of action with liability against but one defendant. Such a practice would work a great injustice against the defendants whose property is attached, and against whom a cause of action cannot be proved.

The attachment by plaintiff should be limited to cases where liability on the part of a defendant is shown by the attaching papers.

I, therefore, dissent and vote for reversal.

Order modified as indicated in opinion and as so modified affirmed, without costs. If the condition therein named be not complied with then the order is affirmed, with ten dollars costs and disbursements.