**482** S. & C. Clothing Co. *v.* United States Trucking Corp.

First Department, April, 1926. [Vol. 216]

---

S. & C. Clothing Company, Appellant, *v.* United States Trucking Corporation and Another, Respondents.

First Department, April 30, 1926.

Parties — action against carrier and warehouseman for goods lost while in possession of one or other — demand under Civil Practice Act, § 213, in alternative — plaintiff by showing delivery of goods to carrier and loss of goods before redelivery by warehouseman established prima facie case against one or other of defendants — plaintiff not required to establish case against particular defendant — burden is on each defendant to show care absolving it from liability.

In an action to recover damages for goods lost either by a carrier to whom the goods were delivered by the plaintiff or by a warehouseman to whom they were

ostensibly delivered by the carrier, in which the plaintiff demands judgment under section 213 of the Civil Practice Act against the defendant who is liable for the loss, the plaintiff being unable to state which is liable, the plaintiff makes out a *prima facie* case by showing that the goods were delivered to the carrier who ostensibly took them to the warehouseman and that before redelivery by the warehouseman a part of the goods had been lost.

The plaintiff is not required where alternative relief is demanded under section 213 of the Civil Practice Act, to show a liability on the part of either one of the defendants, but is simply required to show a loss of the goods and that one or the other of the defendants is chargeable with that loss.

The burden is then on each defendant to present proof, if it can, to show that the goods were not lost while in its possession.

APPEAL by the plaintiff, S. & C. Clothing Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 25th day of June, 1925, upon the dismissal of the complaint at the close of the plaintiff's case, as resettled by an order made on the 27th day of August, 1925.

*Adolph & Henry Bloch* [*Joseph Rosenzweig* of counsel; *Joseph H. Robins* with him on the brief], for the appellant.

*Evans, Hunt, Rees & Gillen* [*Theodore H. Lord* of counsel], for the respondent United States Trucking Corporation.

*Smith, Townley & Chambers* [*Frank W. Chambers* of counsel; *Alfred H. Townley* and *Henry Siegrist* with him on the brief], for the respondent Vandam Warehouse Company, Inc.

McAvoy, J.  The defendant United States Trucking Corporation is a common carrier.  The defendant Vandam Warehouse Company, Inc., conducted a public warehouse at Nos. 104–106 Charlton street, in the borough of Manhattan, city of New York. The plaintiff owned twelve cases of merchandise, and on the 2d day of September, 1920, at the city of New York, the plaintiff delivered to the defendant United States Trucking Corporation the twelve cases containing certain goods, which the defendant United States Trucking Corporation agreed safely to deliver to the defendant Vandam Warehouse Company, Inc.; at its warehouse in the borough of Manhattan, to be stored for the account of the plaintiff.

The defendant trucking corporation asserts that it did deliver the twelve cases containing the merchandise to the warehouse company on September 3, 1920.  The warehouse company, however, denies that all of said merchandise was in the cases when they were delivered to it.

The plaintiff because of its uncertainty as to which defendant is

liable for the loss of part of its goods which occurred, sues both and demands judgment in the sum of its loss with interest against the defendants or such one of them as may be liable. The alternative demand for relief is grounded upon section 213 of the Civil Practice Act, which provides:

" § 213. Where doubt exists as to who is liable. Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties."

Plaintiff produced proof by its employees that they had packed these twelve cases prior to the delivery thereof to the defendant trucking corporation, and as the goods were packed into the cases they were checked and rechecked and marked in the shipping book and a list of the contents was made. All of the cases contained " pieces " of cloth, some of the cloth being known as " Waterhouse Worsted," some of it as " iridescent cloth " from the American Woolen Company, and the rest was overcoating from the American Woolen Company. These employees saw the cases containing the goods put on the defendant trucking company's truck and saw the truck driven away with the cases on it. The truckman was directed to take the cases to the Vandam Warehouse.

The records of defendant United States Trucking Corporation show that the agents of the said defendant trucking corporation took these twelve cases from the place of business of the plaintiff on September 2, 1920, for delivery to the defendant warehouse company.

The defendant warehouse company's records show the receipt from the trucking company on September 3, 1920, for the account of the plaintiff of the twelve cases above referred to and the issuance of four negotiable warehouse receipts for the same. The receipt of said twelve cases by the defendant warehouse company from the United States Trucking Corporation on September 3, 1920, is further evidenced by what was called an " in store " memorandum of the defendant warehouse company.

Thereafter, four of the cases referred to in a receipt of the warehouse company were ordered to be delivered to one Grossman, and it appears from the defendant warehouse company's record that it did deliver said four cases to Mr. Grossman on September 21, 1920. Plaintiff had ordered the goods to be delivered to Mr. Grossman to be made up by him into garments for plaintiff.

Mr. Grossman testified that upon arrival of the four cases one of the cases was opened in his presence, and they found therein

" a bag of cinders and a log, a water-soaked log." Grossman then notified plaintiff's representative of the condition in which he found the case which had been opened shortly after the arrival of the merchandise at Grossman's, and the other three cases were opened in the presence of plaintiff's representative, and it was found that some goods were missing, and in place of the missing articles there were several bags of ashes, loose steam ashes and a water-soaked log. A list was made of the merchandise which was then contained in the cases.

The only case which still remained in the warehouse of defendant Vandam Company was thereafter opened in the defendant's warehouse by the employees of the said defendant warehouse company and it was found that there were only seven pieces left therein out of fifteen pieces which had been placed therein. The eight pieces which were missing and which had originally been packed in the case with the remaining seven pieces contained 461 yards of material.

The president of plaintiff corporation, who had been in that particular business for eight years and knew the class of merchandise involved in this suit and the market value thereof at the time when this loss occurred, testified that the value of the goods which were missing from the case which had been opened in the defendant Vandam's warehouse, was $1,866.03, and that the value of the goods which were missing from the cases which were opened at Grossman's place was $2,852.48. These two items amount to $4,718.51. Upon this proof the trial justice dismissed the complaint, because, as he said, he found that " a *prima facie* case has not been made out as against either one of these defendants. There is no evidence which would warrant a jury in finding that the goods were lost or stolen while they were in the possession of the trucking company as distinguished from a loss after the making of a delivery by the trucking company to the warehouse company. * * * There is no evidence in this case which would warrant a finding that the loss of the merchandise, or the theft of it, occurred after the goods had come into the possession of the warehouseman."

We hold that this was an erroneous ruling as the very purpose of section 213 of the Civil Practice Act was to render it possible to submit the question of liability to a jury between two persons who fail to show their modes of conduct and method in the handling and care of goods where a loss which is evidenced must have occurred through a probable breach of duty of one or the other of them.

We think plaintiff proved a *prima facie* case under that section,

entitling it to go to the jury on the question as to which defendant, if not both, is liable to the plaintiff for its loss and the extent of such liability.

Plaintiff is required to show *prima facie* proof that it suffered loss which may reasonably be charged to one or the other of the defendants, arising apparently either from a fault of the one or the other or a breach of contract or duty on the part of one or the other of the defendants. The defendants are called upon then to exhibit their conduct in the custody of the goods and thus fix the liability as between themselves. The suit cannot be tried as a separate issue against each of the defendants. Such a mode of trial renders section 213 of the Civil Practice Act barren of benefit and is contrary to its express purpose.

A plaintiff who fails to make out a *prima facie* case at all is not entitled to call on two defendants under such circumstances as these to give evidence and ask for judgment, if no such *prima facie* proof is given. Facts from which, in the absence of an explanation, liability could properly be inferred must be evidenced. Liability, however, need not be definitely fastened at the end of plaintiff's case on one precise defendant. The section's language clearly contemplates that the plaintiff must be required to prove a state of facts which throws liability on one or the other of the defendants.

The English rule from which we derive this section (*Jamison* v. *Lamborn,* 207 App. Div. 375, 377) has been interpreted so as to reach this result. In a ruling (*Hummerstone* v. *Leary,* L. R. [1921] 2 K. B. 664, 667) the English court stated that: "The language of that rule contemplates that the case shall be tried out between all the parties, and, apart from the special language of the rule, it is in our opinion clear that when the difficulty of procedure is got over and a plaintiff can present his case against two defendants in the alternative he is just as much entitled to have the case tried out when he has made a *prima facie* case in support of his cause of action as a plaintiff is who proceeds against one defendant alone." (See, also, *Zenith Bathing Pavilion, Inc.,* v. *Fair Oaks S. S. Corp.,* 211 App. Div. 492, 495, 496; 240 N. Y. 307, 309, 311.)

The missing goods were delivered initially to the United States Trucking Corporation and that company asserts that it delivered them to the Vandam Warehouse Company, Inc., which avers that when it received the cases they did not contain the goods which were in them when delivered to the United States Trucking Corporation. The proof of defendants ought to show what steps each defendant took to protect these goods while in their respective custodies.

It was, therefore, error to dismiss the complaint and the judg-

ment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING and FINCH, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.