SAMUEL GEER and Another, Respondents, *v.* BLEMTON REALTY CORPORATION, Defendant, Impleaded with ADOLPH PONS, Appellant.

Second Department, October 22, 1926.

Brokers — real estate brokers — action for commissions — individual defendant claimed to act for corporation defendant — corporation repudiated authority — plaintiff had right, under Civil Practice Act, § 213, to join both parties.

In an action by real estate brokers to recover commissions alleged to have been earned in producing a purchaser for property belonging to a corporation, the plaintiffs have the right, under section 213 of the Civil Practice Act, to join both the corporation and the individual who represented himself to be the authorized agent of the corporation in the transaction, but whose acts were repudiated by the corporation.

APPEAL by the defendant, Adoph Pons, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Nassau on the 4th day of May, 1926, denying his motion to dismiss the complaint on the ground that it fails to state a cause of action as against him, or, in the alternative, to separately state and number the cause of action against him.

*Milton Pinkus* [*Thomas J. Cuff* with him on the brief], for the appellant.

*Harvey J. George*, for the respondents.

Order denying defendant's motion for judgment on the ground that the complaint fails to state facts sufficient to constitute a cause of action or, in the alternative, for an order directing plaintiffs to separately state and number the alleged causes of action, affirmed, with ten dollars costs and disbursements, on the opinion of Mr. Justice FABER at Special Term.

KELLY, P. J., JAYCOX, MANNING, YOUNG and LAZANSKY, JJ., concur.

The following is the opinion of the court below:

FABER, J. Motion by defendant Pons for judgment dismissing the complaint on the ground that it does not state facts sufficient to constitute a cause of action against him, or, in the alternative, for an order directing the plaintiffs to separately state and number the alleged cause of action against the defendant Pons. The action is to recover brokers' commissions on the sale of real estate. The complaint alleges, in substance, that the plaintiffs are licensed real estate brokers; that defendant corporation owned certain real estate at Hempstead, and that the defendant Pons, representing himself to be the duly authorized agent of the corporation, listed with the plaintiffs as brokers the said real estate for sale and authorized and directed the plaintiffs to procure a purchaser; that the plaintiffs procured such a purchaser upon the terms authorized by Pons, and that the defendant corporation refused to sell and repudiated the authority of the defendant Pons to contract in its name or to employ plaintiffs as brokers. It then alleges the damage sustained by plaintiffs. The defendant Pons contends that the plaintiffs have mistaken their remedy and argues that the action against Pons should be in tort for deceit or upon breach of implied warranty of authority. He further contends that the complaint is framed upon contract and does not state a cause of action either for breach of implied warranty of agency or for deceit. There is no merit in either of these contentions. In the case of *Jamison* v. *Lamborn* (207 App. Div. 375) a somewhat similar question was presented. In that case it was held that in an action by a seller to recover damages for breach of a contract for the sale of goods the seller may join both the alleged agent of the buyer and the buyer, where the goods are rejected by the buyer on the ground that the agent had no authority to act for it, since section 213 of the Civil Practice Act specifically provides that where the plaintiff is in doubt as to the person from whom he is entitled to redress he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable, and to what extent, may be determined as between the parties. It was also held in that case that the complaint was sufficient, inasmuch as enough facts were pleaded to show that the plaintiff was entitled to damages from one or the other of the defendants, and it was not necessary for the plaintiffs to plead specifically that the agent did or did not have authority to represent the buyer, but it was sufficient to plead that the agent represented that he had authority and that the principal thereafter repudiated the same. It seems to me that the complaint is sufficient, and the motion for judgment should be denied, with ten dollars costs.