GEORGE V. CLARK, Appellant, *v.* FLINN & Co., INCORPORATED, Respondent.

Third Department, November 26, 1930.

*Foley & Guile* [*Woodward W. Guile* of counsel], for the appellant.

*Fryer & Lewis* [*Charles G. Fryer* of counsel], for the respondent.

HASBROUCK, J. There is no doubt that negotiations were carried on by Daniel F. Flinn to sell the property and assets of Flinn & Co., Inc. There is no denial in his affidavit of the fact stated to the plaintiff by Flinn and his brother Maurice that " Daniel F. Flinn owned practically all of the stock of the defendant corporation."

Respondent gave as a reason for the denial of the motion that Flinn & Co. could not make such contract without the consent of the stockholders, and further that the bringing in of Flinn as a party to the trial would result in confusing the jury as to which was liable.

The latter is mere speculation and without persuasive value. It is apparent that if Flinn were separately sued on the cause of action alleged against him in the proposed amended complaint he might defend that the defendant corporation was liable, that he acted by its authority or that he controlled all of the stock. The bringing in of Flinn as a defendant will permit a determination of all issues in one action.

It is reasonably apparent that Flinn made a contract with the plaintiff for his company or for himself. He defeated the execution of such contract by refusing to sign it.

The plaintiff's duty to the court is to bring in all parties necessary to a complete determination and the court should aid him. (Civ. Prac. Act, §§ 192, 214; *Jamison* v. *Lamborn,* 207 App. Div. 375; *New Georgia National Bank* v. *Lippmann,* 222 id. 383.)

The cases cited by the respondent do not support the denial of the motion. (*Pope* v. *Manhattan Railway Co.,* 79 App. Div. 583; *Sherlock* v. *Manwaren,* 208 id. 538.)

In a proper case if the corporation should escape liability the defendant president may be found personally liable. (*McCorry* v. *Wiarda & Co.,* 149 App. Div. 863; *Trulock* v. *Kings County Iron Foundry, Inc.,* 216 id. 439, 448.)

The order should be reversed and the motion granted, without costs.

VAN KIRK, P. J., HINMAN, DAVIS and HILL, JJ., concur.

Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, without costs.