SANDERS WERTHEIM, Respondent, *v.* LEHIGH VALLEY COAL COMPANY and Others, Defendants, Impleaded with RICHARD F. GRANT, Appellant.

First Department, February 11, 1937.

*William C. Cannon* of counsel [*Franklin H. Mills* and *Harold W. Bissell* with him on the brief; *Davis, Polk, Wardwell, Gardiner & Reed,* attorneys], for the appellant.

*Max H. Davidson* of counsel [*Irving A. Silverman* with him on the brief], for the respondent.

GLENNON, J. The action is to recover the sum of $525,200 based upon the breach of an alleged contract made by the plaintiff in December, 1930, with the defendant Grant, " purporting to be acting as duly authorized agent of said corporate defendants."

The plaintiff was elected president of Burns Bros. in 1925, and continued in that office until about the 9th of January, 1931, when he resigned. It is alleged that during that period of time he purchased Class " A " and Class " B " stock of Burns Bros., at an aggregate cost price of $525,200. The corporate defendants

in the month of December, 1930, were the owners of fifty-one per cent of the Class "B" stock of Burns Bros., and further, according to paragraph ninth: "That in or about the month of December, 1930, the defendant, Richard F. Grant, on behalf of the corporate defendants and purporting to be acting as duly authorized agent of said corporate defendants, entered into a contract with the plaintiff, wherein and whereby it was agreed that in consideration of the plaintiff resigning his office as president of Burns Bros., the corporate defendants would pay to the plaintiff on the 13th day of April, 1931, the sum of $525,200, which represented the cost of his stock holdings in Burns Bros. and that the corporate defendants would take over from the plaintiff herein all of the stock which plaintiff owned and held in Burns Bros."

It may be noted in passing that the plaintiff does not make it clear in the paragraph quoted, whether or not he was to receive the sum demanded for resigning as president, or whether the amount he asks represents solely the agreed price of the stock he was ready and able to deliver over to the corporate defendants at the time he resigned pursuant to the terms of the alleged contract. Since we are about to reverse the order with leave to plead over, it would be advisable for the plaintiff in redrafting his complaint to make the alleged contract appear more definite and certain in order to avoid a future attack based upon that point.

It is alleged in paragraph tenth that the defendant Richard F. Grant warranted and represented to plaintiff that he was duly authorized to enter into the contract in suit on behalf of the corporate defendants. Further, it is alleged in paragraph eleventh that, pursuant to the terms of the contract, plaintiff delivered to the defendant Grant his resignation as president of Burns Bros., and that thereafter on January 9, 1931, plaintiff's services as president were terminated. In the twelfth paragraph plaintiff sets forth that he has duly performed all the terms and conditions on his part to be performed, and that the defendants failed, refused and continue to refuse to pay to plaintiff the sum of $525,200 in accordance with the terms of the agreement.

The allegation contained in the thirteenth paragraph is wholly insufficient to bring this case within the purview of section 213 of the Civil Practice Act, which authorizes an action in the alternative. That section reads as follows: "Where the plaintiff is in doubt as to the person from whom he is entitled to redress, he may join two or more defendants, to the intent that the question as to which, if any, of the defendants is liable and to what extent, may be determined as between the parties."

There is nothing in the complaint to indicate that the corporate defendants have repudiated the authority of the defendant Grant. Without an allegation of repudiation by the corporate defendants, the facts pleaded do not show the existence of two alternatives " the proof of either of which will result in holding one of the defendants liable." (*Jamison* v. *Lamborn*, 207 App. Div. 375.) In that case, Mr. Justice DOWLING, in voicing the unanimous view of this court, said in part: " It is enough to plead that the agent represented that he had authority, and that the principal thereafter repudiated the same."

The court at Special Term expressed the opinion that section 213, as interpreted in the notes of the English Practice Rules from which it is derived (Eng. Rules of Supreme Court, 1883, order 16, rule 7), is sufficiently broad to cover the present complaint. The note to the English Rules, however, makes specific reference to repudiation by the principal of the agent's authority, as will appear from the following: " The typical case for the application of the rule which is of most frequent occurrence in practice is where a person, assuming to act as agent for a disclosed principal, makes a contract with plaintiff, the breach of which gives rise to the action. The principal repudiates the agent's authority. Plaintiff is in the dark as to the authority of the agent. He may join both principal and agent under this rule, claiming against the principal such relief as he may be entitled to upon the footing that the agent had the authority which he assumed to have, and alternatively claiming against the agent damages for breach of warranty of authority."

Our conclusion, therefore, is that the order should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint as against the individual defendant Richard F. Grant granted, with leave to the plaintiff to serve an amended complaint within ten days upon payment of said costs.

MARTIN, P. J., TOWNLEY and DORE, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted, with leave to the plaintiff to serve an amended complaint within ten days after service of order upon payment of said costs.