(March 17, 1939.)

JOHNSON, MATTHEY & Co., LIMITED, Appellant, *v.* HELEN K. MAYERS, Defendant, Impleaded with CHAUNCEY M. MAYERS, Respondent.

Judgment so far as appealed from affirmed, with costs. No opinion.

Present — O'Malley, Townley, Dore, Cohn and Callahan, JJ.; Cohn, J., dissents in an opinion in which O'Malley, J., concurs.

COHN, J. (dissenting). This action was originally brought to recover damages for breach of contract against Helen K. Mayers in that she failed to accept and pay for 50,000 ounces of silver which it was mutually agreed plaintiff was to sell and deliver to her.

By order duly obtained, a supplemental summons and complaint were issued and served to bring into the suit Chauncey M. Mayers, as a party defendant. The supplemental complaint alleged a cause of action for breach of warranty of authority against defendant Chauncey M. Mayers for allegedly misrepresenting to plaintiff the extent to which he was authorized to commit his wife to the purchase of silver.

On the trial plaintiff made out a *prima facie* case that in August, 1935, Chauncey M. Mayers had made a purchase from plaintiff of silver for the account of Helen K. Mayers upon certain specified terms. The defendant Helen K. Mayers testified that she had merely authorized her husband to enter into a contract for an option to buy 50,000 ounces of silver at some future date but not for the purchase of the silver. The complaint was dismissed as to her on consent because plaintiff was unable to contradict her testimony.

Chauncey M. Mayers denied that he made an agreement in behalf of Helen K. Mayers for purchase and sale of 50,000 ounces of silver for future delivery. He testified that the subject-matter of the contract entered into was a six months' option to purchase and that it was agreed that the liability was to be limited to the amount of the initial payment, to wit, ten per cent of the value of the silver.

Thus, there was but one controverted issue, namely, whether the contract had been entered into for an outright purchase, or was one for an option to purchase the silver.

Although the jury resolved this issue in favor of defendant Chauncey M. Mayers, we are of the view that their verdict is contrary to the evidence. Chauncey M. Mayers admitted receiving, reading and placing in his files the following letter:

" 30th *August,* 1935

" Mrs. HELEN K. MAYERS,                                        "A"/AGP/DG
c/o C. M. MAYERS, Esq.
545 Fifth Avenue,
New York City,
U. S. A.

" DEAR MADAM: We have pleasure in enclosing Contract No. 1550 for the sale to you of 50,000 ozs. Fine Silver for delivery the second half of February, 1936.

" *The margin of 10% will have to be maintained during the life of this Contract.*

" With Compliments,

" We are, dear Madam,

" Yours faithfully,

" For Johnson Matthey & Co. Limited.

" A. G. PARSONS "

(Italics ours.)

The " contract " inclosed in the above letter reads:

" Silver Contract

" 1550                                                    London, *8th August*, 1935

" Mrs. Helen K. Mayers:

" We have sold to you this day 50,000 ozs. Fine Silver for delivery second ½ February 1936 at 31–3/16d per oz. Troy Standard.

" JOHNSON  MATTHEY & CO. LTD.

" A. G. Parsons "

Chauncey M. Mayers also admitted that at no time did he protest to plaintiff, or to any one representing plaintiff, that the letter and " contract " did not conform with his understanding of the transaction, although concededly he met Stones, the president of plaintiff's New York subsidiary, on at least two occasions thereafter. He expected, according to his testimony, that plaintiff would send him another contract of an entirely different nature providing for an option on silver instead of an outright purchase and sale for future delivery and limiting the defendant Helen K. Mayers' liability to the amount of her margin payment.

Assuming that the writing did not properly set forth the true contract, Mayers should have frankly advised plaintiff within a reasonable time after he had received the letter with the " contract " inclosed so that plaintiff might not have been misled by their retention. If defendant Mayers had immediately protested to plaintiff that the terms of the contract were different from those set forth in the written communications admittedly received by him, plaintiff would then have had the opportunity of selling the silver either without loss or in any event with but a small loss. Instead, defendant Mayers, by declining to challenge plaintiff's written declaration, placed himself and his principal in the favorable position of abiding by the terms of the " contract " as plaintiff had set them forth in the event that the market should rise, but if it dropped, as it actually did, defendant Mayers and his wife could then claim that the contract was not as set forth in the writing but as he now claims it is. Under circumstances such as these, failure to deny may be deemed acquiescence in the transaction as stated by plaintiff in its letter. (*Gordon* v. *Elder*, 253 App. Div. 313, 316, 317; *Schmid* v. *Du Val*, 200 id. 514, 521; *Manning* v. *Heidelbach*, 153 id. 790, 794; 2 Chamberlayne, Modern Law of Evidence, § 1414, p. 1791.)

This defendant also admitted that he and his brother at a previous date had entered into another contract with plaintiff and had received from plaintiff the same kind of a confirmatory letter stating that it had *sold* them a certain amount of silver and containing no reference to a limitation of the amount of liability to the amount of their margin deposit.

Moreover, the testimony of Chauncey M. Mayers to the effect that on December eleventh or twelfth he " agreed " with Mr. Stones, plaintiff's representative, when

the latter said " Mrs. Mayers' contract is finished; it is wiped out. The margin has long since been used up and it's a closed book," is wholly inconsistent with any claim he had purchased an option to buy 50,000 ounces of silver, good until February fifteenth, a date two months beyond the date of this conversation. Irrespective of how the price of silver had fallen prior to December fifteenth, defendant (if his version of the contract were true) would still have had the right to exercise the option to buy for an additional two months' period.

It is clear from this letter and " contract " and from Mayers' subsequent conduct that the agreement was precisely as plaintiff claimed.'

As Mayers, the husband, acted without authority from his wife in making the contract for the purchase of silver with plaintiff, he is liable to plaintiff for resulting damages for the breach of the implied warranty of authority. (*Harriss* v. *Tams*, 258 N. Y. 229, 234; *Jamison* v. *Lamborn*, 207 App. Div. 375.)

The judgment so far as appealed from should be reversed and a new trial ordered, with costs to appellant to abide the event.

O'Malley, J., concurs with Cohn, J.