## TAIYO TRADING CO., Inc., v. NORTHAM TRADING CORPORATION et al.

District Court, S. D. New York.
July 10, 1940.

Black, Varian & Simon, of New York City (Harold L. Allen, of New York City, of counsel), for plaintiff.

John T. Cahill, of New York City (Myles J. Lane, of New York City, of counsel), for defendant Hoey.

CONGER, District Judge.

This is a motion to dismiss the complaint as against defendant James J. Hoey, Collector of Internal Revenue, on the ground that no facts are stated sufficient to constitute a claim against him.

The action was originally brought in the Supreme Court of the State of New York and removed here on petition of defendant James J. Hoey. The complaint alleges that plaintiff agreed to import matches into the United States, and to sell the same to defendant Northam, who agreed to pay the government the internal revenue taxes due thereon. Plaintiff then imported and delivered to defendant Northam 107,000 gross boxes of matches. Northam deducted from plaintiff's invoices the internal revenue taxes payable to the United States. Thereafter defendant Hoey notified plaintiff that the tax had not been paid and assessed a tax against plaintiff, which together with interest and penalties amounted to $15,414.07. Plaintiff paid the tax under protest, and filed a claim for a refund which has been rejected by the Commissioner of Internal Revenue. It is pleaded that defendant Northam "maintains and claims that it paid the tax."

It is alleged that if defendant Northam paid the tax, then plaintiff is entitled to recover from the collector the amount of the tax and penalties, with interest; but that if Northam has not paid, it has broken its agreement and plaintiff has been damaged in the sum of the amount of the tax, plus interest and penalties.

Paragraph XIII of the complaint states that "plaintiff is in doubt as to which of the defendants is liable to it in the premises, and therefore joins both of them as parties to this action to the end that this question may be determined by the court", and the prayer then demands judgment against defendants "or such of them as the court may determine to be liable to the plaintiff in the premises."

The first objection to the complaint raised by the Collector of Internal Revenue is that the assertion that defendant Northam "maintains and claims" to have paid the tax does not plead a fact which, if true, would entitle plaintiff to relief as against the collector. The argument is that under such a pleading plaintiff would only have to show that in fact Northam does so "maintain and claim"; that it is irrelevant what Northam claims; that to constitute a cause of action against the Collector, plaintiff must plead that Northam did pay the tax, which would then present the Collector with an issue that he could either admit or deny.

The Collector's second objection to the complaint is that the parties defendant are improperly joined under Rule 20(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which permits joinder of parties defendants if the right to relief arises "out of the same transaction, occurrence, or series of transactions or occurrences" and "if any question of law or fact common to all [defendants] will arise in the action."

I think that the objection to the joinder of the parties defendants must be overruled. Clearly the injury to plaintiff arises out of the same series of transactions, which began with the importation of the matches, and ended with the payment of the tax and penalties by plaintiff. In any event, a motion to dismiss does not properly raise the question of misjoinder of parties. See Rule 21, F.R.C.P.

The objection that the complaint does not state a cause of action must likewise be overruled. Under the Federal Rules of Civil Procedure, a plaintiff may plead his claim alternatively and even hypothetically. Rule 8(e) (2); Rule 18 (a); Rule 20(a); Kraus v. General Motors Corp., D.C., 27 F.Supp. 537.

The particular type of alternative claim which is here presented has long been used in New York State practice, and has its origin in the English Practice Act. See Civil Practice Act Section 213; Jamison v. Lamborn, 207 App.Div. 375, 202 N.Y.S. 113; Zenith Bathing Pavilion, Inc. v. Fair Oaks S. S. Corp., 211 App.Div. 492, 207 N.Y.S. 306. So far as pleadings are concerned, the elements essential to save a complaint presenting an alternative claim

384

against multiple defendants, such as is here present, from a motion to dismiss, are: (1) A clear statement that there is some liability to the plaintiff, and (2) a showing that plaintiff is unable to state upon which of the defendants the liability should fall. Moore's Federal Practice, pp. 2164-2183; Julius Klugman's Sons v. Oceanic Steam Nav. Co., D.C., 42 F.2d 461; Totten v. United States Lines, D.C., 16 F.Supp. 57; Crim v. Lumbermens Mutual Cas. Co., D.C., 26 F.Supp. 715.

The present complaint satisfies these requirements and the motion is, therefore, denied. Settle order on notice.