**WOODS v. PARSONS et al.**
**Civ. No. 117.**

District Court, D. Nebraska,
Chadron Division.

Dec. 23, 1947.

Thomas F. Neighbors and Lester A. Danielson, both of Scottsbluff, Neb., for plaintiff.

E. D. Crites of Chadron, Neb., for defendant Con Parsons.

Charles A. Fisher, of Chadron, Neb., for defendant Charles Parsons.

DELEHANT, District Judge.

The plaintiff, a citizen of Colorado, instituted this action against the defendant, Con Parsons, a citizen of Nebraska, and resident of Sioux County, within this division of this district, and the defendant, Charles Parsons, a citizen of Wyoming. Process was served upon both defendants within the territorial area of this division.

The complaint is in three counts distinctly separated but not numbered. First, the plaintiff claims judgment against the defendant, Con Parsons, for damage resulting from the latter's averred breach of an alleged written contract in his behalf signed by the defendant, Charles Parsons, as his agent, for the sale and delivery to the plaintiff of from 130 to 135 three year old steers for a specified price per hundred weight. The breach allegedly resulted from the ostensible seller's sale and delivery of the steers to another party, prior to the allowable delivery dates under the pleaded contract, and his consequent disability thereafter to perform the contract in accordance with its terms. In two separate alternative claims, both made against the defendant, Charles Parsons, in the event of the successful maintenance by the defendant, Con Parsons, of a claim made

530

by him that Charles Parsons was without authority to contract with the plaintiff in behalf of Con Parsons, the plaintiff seeks judgment for his damages against the defendant, Charles Parsons, first for breach of an alleged warranty by the defendant, Charles Parsons, touching his authority to sign the contract as Con Parson's agent, and secondly for deceit and misrepresentation touching the same subject matter.

■ The defendant, Con Parsons, has not answered, but has filed a motion to dismiss the action. Two of its assigned grounds (a) a defect of parties plaintiff, and (b) a defect of parties defendant, have not been urged upon the court and are manifestly without point or pertinence. And see also Federal Rules of Civil Procedure, rule 21, 28 U.S.C.A. following section 723c. But the moving defendant has supported his assignment of his other grounds; first, the failure of the complaint to state a claim upon which relief may be granted against him; and, secondly, the absence of a joint liability as between the defendants on the several causes of action, in that no claim is asserted against the defendant, Charles Parsons, under the first count, or against the defendant, Con Parsons, under either of the other two counts.

■ The moving defendant supports his positions both upon substantive law and in respect of pleading by the statutes of Nebraska, and certain decisions of its Supreme Court. So far as his argument is addressed to the issue of the substantive law administrable in the case, his authority is from the correct source. The contract declared upon appears to have been a Nebraska instrument whose performance was to have occurred in this state. The facts necessary to warrant a recovery under it are, therefore, to be determined by the laws of Nebraska, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. But this action was instituted and is pending in this court. The procedure to be followed throughout its course, therefore, is not governed or affected by Nebraska's procedural statutes or judicial usages, but is controlled by the Federal Rules of Civil Procedure, supra.

By Rule 1, it is provided that, "these rules govern the procedure in the district courts of the United States in all suits of a civil nature, whether cognizable as cases at law or in equity," with certain presently inapplicable exceptions. Ettman v. Federal Life Ins. Co., 8 Cir., 137 F.2d 121; Swift & Co. v. Young, 4 Cir., 107 F.2d 170; Gipps Brewing Corporation v. Central Mfrs' Mut. Ins. Co., 7 Cir., 147 F.2d 6; Newman v. Clayton F. Summy Co., 2 Cir., 133 F.2d 465; Kravas v. Great Atlantic & Pacific Tea Co., D.C.Pa., 28 F.Supp. 66; De Rosmo v. Feeney, D.C.N.Y., 38 F.Supp. 834; Roth v. Great Atlantic & Pacific Tea Co., D.C.Ohio, 2 F.R.D. 182; Kellman v. Stoltz, D.C.Iowa, 1 F.R.D. 726. And that rule applies especially to pleading. Ettman v. Federal Life Ins. Co., 8 Cir., supra, and Bohn v. American Export Lines, D.C.N.Y., 42 F.Supp. 228.

■ In large part, the motion to dismiss appears to rest upon the contention that, although the complaint against the defendant, Con Parsons, is based upon a written contract ostensibly made in his name by his codefendant as his agent for the sale of live stock of a value largely exceeding $500, See Section 69-404, R.S.Neb.1943, it is not expressly alleged that the agent was authorized in writing by the principal to make the contract in his behalf. See section 36-409, R.S.Neb.1943. To that extent it attempts to challenge the complaint's supposed omission to state in detail a factual history negativing the defense of the Statute of Frauds. Whether such an omission in a petition upon the same state of facts filed in a state court of Nebraska would render the petition vulnerable to a general demurrer need not be decided or considered here. It may be observed that the present complaint does allege that in making the contract, Charles Parsons "was the authorized and acting agent of defendant, Con Parsons and * * * was acting for and on his behalf." Therefore, the authority of the agent is affirmatively alleged, though precisely how it was conferred is not made to appear. At least, the absence of written authority is not affirmatively disclosed upon the face of the

complaint. So, the court may not, at this point in the pleading, conclude that no written authority to the agent can possibly be proved within the framework of the complaint. And that suffices to support the complaint against a motion to dismiss, based upon the suggested point.

■■ It is a mistake to assume that the abolition of the demurrer by Rule 7(c) is a "tongue in cheek" proclamation, or that the demurrer persists in federal procedure under the label of the motion to dismiss. The two devices are quite different. In the state practices which retain the demurrer "for failure to allege facts sufficient to constitute a cause of action", the petition must affirmatively allege, item by item, the facts whose proof is requisite to support relief; failing in which it is demurrable. But upon a motion to dismiss in the federal practice under Rule 12(b) (6) "The complaint should be construed in the light most favorable to the plaintiff with all doubts resolved in his favor"; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318, 320; and the motion is not to be granted unless "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him." Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108. See also Cohen v. United States, 8 Cir., 129 F.2d 733; Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302; Sparks v. England, 8 Cir., 113 F.2d 579; Louisiana Farmers Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419; United States v. Association of American Railroads, D.C.Neb., 4 F.R.D. 510, and Schwartzman v. United Air Lines Transp. Corporation, D.C.Neb., 6 F.R.D. 517.

■ In the light of the rule just stated, the court is compelled to deny the motion to dismiss, to the extent that it rests upon the asserted failure of the plaintiff to allege explicitly the existence of a written authorization from the moving defendant to his alleged agent. Such a writing would unquestionably be provable under the allegations actually made in the complaint. Besides, by Rule 8(c), the stat-ute of frauds is expressly included among the affirmative defenses which "in pleading to a preceding pleading, a party shall set forth affirmatively." Zeligson v. Hartman-Blair Inc., 10 Cir., 135 F.2d 874; Piest v. Tide Water Oil Co., D.C.N.Y., 27 F.Supp. 1020; Dirk v. Seaboard Oil Co., D.C.Cal., 1 F.R.D. 598. Whether it may be resorted to in support of a motion to dismiss where its availability is disclosed in a complaint need not be declared now. But it certainly may not be so employed where its applicability is not made to appear in the challenged pleading.

■ The moving defendant contends also that there is no allegation of his breach of the contract. But it is averred in the complaint that, prior to the interval prescribed for delivery of the steers to the plaintiff under the contract, the defendant owning them, sold and delivered them to a designated packing company. He is thus clearly alleged in substantial effect to have put compliance with his contract beyond his power. And that constitutes a breach of the contract, and warrants suit upon it without the purposeless gesture of a formal demand by the injured party for performance. 17 C.J.S., Contracts, § 470 and cases cited. United States v. Behan, 110 U.S. 338, 4 S.Ct. 81, 28 L.Ed. 168; Lovell v. St. Louis Mut. Life Ins. Co., 111 U.S. 264, 4 S.Ct. 390, 28 L.Ed. 423; Home Development Co. v. Jordan Land Co., 100 Ind.App. 458, 196 N.E. 337; Crist v. Armour 34 Barb. 378; Suter v. Farmers' Fertilizer Co., 100 Ohio St. 403, 126 N.E. 304.

■ Nor may the motion to dismiss be granted because there is no showing or averment of a joint liability on the part of both defendants; or because a claim is asserted against the moving defendant in the first count of the complaint alone, and only alternatively, and in the event of the failure of that count, against the other defendant, under two distinct theories in the remaining two counts. The plaintiff has simply proceeded as the rules of practice operative in this court allow him to do. By Rule 20(a) it is provided that, "All persons may be joined in one action

as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all of them will arise in the action * * *. Judgment may be given * * * against one or more defendants according to their respective liabilities." And Rule 8(e) (2) provides: "A party may set forth two or more statements of a claim * * * alternately or hypothetically, either in one count * * * or in separate counts * * *. A party may also state as many separate claims * * * as he has regardless of consistency and whether based on legal or equitable grounds or on both." Bailey v. Zlotnick, 77 App.D.C. 84, 133 F.2d 35; Taiyo Trading Co. v. Northam Trading Corporation, D.C.N.Y., 1 F. R.D. 382; United States v. Carolina Warehouse Co., D.C.S.C., 4 F.R.D. 291; Hopper v. Lennen & Mitchell, D.C.Cal., 52 F. Supp. 319; Carroll v. Paramount Pictures, D.C.N.Y., 3 F.R.D. 95.

The motion to dismiss filed by the defendant, Con Parsons, is being denied and overruled.

Generally upon considerations identical with those already suggested upon the motion to dismiss, for failure to allege breach by the defendant, Con Parsons, his motion to strike from each of the three claims of the complaint, the averment of his sale and delivery to a designated packing company, prior to the time for performance under the plaintiff's alleged contract, of the steers described in the contract, is also being denied and overruled.

The defendant, Charles Parsons, has answered. But, in the same pleading with his answer, he has incorporated a motion with multiple requests.

In so far as he asks for the dismissal of the action for "defect of parties plaintiff and defendant" and "failure to state a claim upon which relief can be granted" the motion is being denied from considerations already discussed.

He also moves for the separate statement and numbering of the plaintiff's

alternative claims which the moving party characterizes as "causes of action". But the claims are already separately stated and identified. They need not be further characterized by numbers. That motion is being denied and overruled.

And, upon the theory underlying Rules 20(a) and 8(e) (2) already discussed, a further motion which he makes for an order requiring the plaintiff to elect "upon which of the several causes of action he intends to rely" is being denied and overruled.